IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARK WINGER, K-97120,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00236-NJR |
| | ) |
| **JOHN DOE 3,** | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court for a decision on Plaintiff Mark Winger's self-styled Motion for Reconsideration. (Doc. 9). In the Motion, Winger challenges the Court's Order severing the Complaint into four additional cases ("Severed Case No. 1" through "Severed Case No. 4."). (Doc. 8) ("Severance and Screening Order"). Winger takes issue with the Court's decision to retain all claims arising from the "Fifth Incident" involving the denial of proper dental care by John Doe #3. (Doc. 9). He asks this Court to "swap" the claims in this case with the Third Severed Case. (*Id.*). Winger offers a litany of reasons for doing so, all of which pertain to the strength of his claims and the economic benefits to him of swapping them. (*Id.*).

The Court has authority to reconsider the Order Severing and Screening Case (Doc. 8) pursuant to Federal Rule of Civil Procedure 54. *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018) (citations omitted) (district judges may reconsider interlocutory orders at any time before final judgment). Rule 54(b) authorizes the district court to revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of . . . judgment." *See* FED. R. CIV. P. 54(b); *Terry*, 888 F.3d at 893 (citations omitted).

1

Pursuant to this authority, the Court has reviewed the Severance and Screening Order and remains satisfied that its decision to sever the Complaint into four additional suits is legally sound and consistent with Federal Rules of Civil Procedure 18, 20, and 21. *See also Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). Equally sound is the Court's decision regarding which claims to keep in this case. Winger's request to "swap" the previously screened claims in this case with the Third Severed Case is **DENIED**.

Further, Winger indicates that he wishes to voluntarily dismiss all of the severed cases, except the Third Severed Case. Winger must file a separate written notification seeking voluntary dismissal in each severed case he would like to dismiss. He has not done so in any severed cases to date, and failure to do so by the deadline will result in the assessment of a filing fee in that case. Winger's request to voluntarily dismiss this suit in order to avoid his filing fee obligation is **DENIED** because this case is the original action and was previously screened under 28 U.S.C. § 1915A.

    IT IS SO ORDERED.

    DATED: May 13, 2019

                                                          **NANCY J. ROSENSTENGEL**
                                                           Chief U.S. District Judge