IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK WINGER, K-97120, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00236-NJR |
| | ) |
| JOHN/JANE DOE 3,[1] | ) |
| DR. DIEBOLD, | ) |
| J.B. PRITZKER, | ) |
| BRUCE RAUNER, | ) |
| JOHN BALDWIN, | ) |
| and LOUIS SHICKER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Mark Winger filed this civil rights action pursuant to 42 U.S.C. § 1983 for federal and state law deprivations that allegedly occurred during his incarceration in the Illinois Department of Corrections ("IDOC") between 2012 and 2018. (Doc. 1, pp. 1-156). The Complaint addressed five separate incidents against defendants at multiple institutions. (*Id.*).

In a Memorandum and Order dated May 1, 2019, the Court severed the claims arising from four incidents into separate cases. (Doc. 8). This case focuses on a fifth incident involving the denial of dental care for Plaintiff's loose crown at Menard Correctional Center ("Menard") in 2018. (Docs. 1, 8). The allegations in the original Complaint stated no claim for relief against the only defendant named in connection with the claim(s) (*i.e.*, John/Jane Doe 3). (Doc. 1, pp. 5-10).

---

[1] In the First Amended Complaint, Plaintiff refers to this unknown defendant using both feminine and masculine pronouns. For this reason, the Court will refer to the defendant as "Jane/John Doe 3."

1

Accordingly, the Complaint was dismissed without prejudice, and Plaintiff was granted leave to file a First Amended Complaint to address his dental claim(s). (Doc. 8).

The First Amended Complaint (Doc. 11) is now before the Court for preliminary review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Docs. 11, 11-1, and 11-2): Bruce Rauner (former Governor of Illinois), J.B. Pritzker (present Governor of Illinois), John Baldwin (IDOC Director), and Louis Shicker (IDOC Medical Director) (collectively "State Defendants") failed to ensure constitutionally adequate medical and dental care for inmates at Menard and other IDOC facilities prior to and including 2018. (Doc. 11-1, pp. 13-28). As a result of systemic failures,[2] Dr. Diebold (dentist) and John/Jane Doe 3 (scheduling nurse) (collectively "Individual Defendants") delayed prompt repair of Plaintiff's loose crown for several months in 2018, resulting in unnecessary pain and suffering.[3] (*Id*. at pp. 3-10). Plaintiff requests monetary, declaratory, and injunctive relief against the State and Individual Defendants on behalf of himself and a group of similarly situated plaintiffs. (*Id*. at p. 10).

---

[2] Plaintiff specifically points to inadequate medical and dental staffing, vacant leadership positions, and ineffective sick call procedures as the cause of inordinate delays in treatment. (Doc. 11-1, pp. 13-28). He cites expert reports issued in 2012 and 2014 that describe these deficiencies and others in IDOC facilities.
[3] Dr. Diebold diagnosed Plaintiff with a loose crown in January 2018. John/Jane Doe 3 did not schedule Plaintiff for a follow-up appointment to reaffix the "dangling" crown for months. He was instead scheduled for an annual cleaning. Before seeing a dentist, Plaintiff's crown fell off of his tooth, and he swallowed it on April 16, 2018. (Doc. 11-1, pp. 3-10). It is unclear whether his tooth is currently crowned.

Based on the allegations in the First Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following two (2) counts:

> **Count 1:** Eighth Amendment deliberate indifference claim against State Defendants (Pritzker, Rauner, Baldwin, and Shicker) for allowing inadequate staffing, leadership vacancies, and insufficient sick call procedures that caused the delay and/or denial of dental care for Plaintiff's loose crown at Menard in 2018.
>
> **Count 2:** Eighth Amendment deliberate indifference claim against Individual Defendants (Dr. Diebold and John/Jane Doe 3) for delaying or denying dental care for Plaintiff's loose crown at Menard in 2018.

(Doc. 11, p. 6). The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[4]

## Preliminary Dismissals

### A. Claims Against Non-Parties

Throughout the First Amended Complaint, Plaintiff refers to individuals who are not named as defendants, such as Dr. Shah, Dr. Asselmeier, Dr. Siddiqui, Ron Skidmore, and Wexford. Plaintiff cannot bring a claim against these, or any other, non-parties. *See* FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption"). All claims against non-parties should be considered dismissed without prejudice.

### B. Class Certification

Plaintiff seeks permission to bring a class action. (Doc. 17-1, pp. 11-15). But he is proceeding *pro se* in this matter, and a prisoner bringing a *pro se* action cannot represent a class of plaintiffs. *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11.

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Even if he was represented by counsel, Plaintiff did not file a separate motion for class certification or name anyone else as a co-plaintiff. And "until certification there is no class action but merely the prospect of one." *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 616 (7th Cir. 2002). The only action is the suit by the named Plaintiff. *Id*.

## Discussion

Both claims are governed by the Eighth Amendment to the United States Constitution, which imposes a duty on government officials to provide medical care to inmates. *Townsend v. Cooper*, 759 F.3d 678, 689 (7th Cir. 2014). The United States Supreme Court has recognized that prison officials violate the Eighth Amendment when they exhibit deliberate indifference to serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The denial of proper dental care for a serious dental condition also violates the Eighth Amendment. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). To state a claim, the allegations must suggest that each defendant responded to Plaintiff's serious dental condition with deliberate indifference. The allegations support a deliberate indifference claim at this stage against Dr. Diebold and John/Jane Doe 3. In addition, they suggest that systemic deficiencies in medical and dental care at Menard—caused by inadequate staffing, vacant leadership positions, and insufficient sick call procedures—delayed Plaintiff's access to necessary dental treatment in 2018. The allegations therefore support a claim against those IDOC officials who were allegedly responsible for these policies or practices, including IDOC Director Baldwin and IDOC Medical Director Shicker. Plaintiff cannot proceed with either claim against the former or current governor, however, because neither governor is implicated in any decisions regarding Plaintiff's dental care or the policies he now challenges.

Accordingly, Count 1 shall receive further review against IDOC Director Baldwin and Medical Director Shicker, and Count 2 shall proceed against Dr. Diebold and John/Jane Doe 3. These claims shall be dismissed without prejudice against all other defendants.

**Identification of Unknown Defendant**

The Warden of Menard Correctional Center will be added as a defendant, in his or her official capacity only, for purposes of responding to discovery aimed at identifying the unknown defendant, John/Jane Doe 3. *Rodriguez*, 577 F.3d at 832; FED. R. CIV. P. 17(d), 21. Guidelines for discovery will be set by the undersigned judge. Once the name of the unknown defendant is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designations in the case caption and throughout the First Amended Complaint.

**Request for Injunctive Relief**

Plaintiff seeks preliminary and permanent injunctive relief. In light of this request, the Clerk of Court is **DIRECTED** to **ADD** a Motion for Preliminary Injunction as a docket entry in the Case Management/Electronic Case Filing ("CM/ECF") system. Plaintiff did not file a separate motion in support of the request, however, and he did not set forth the specific reasons he is entitled to this relief under Rule 65(a) of the Federal Rules of Civil Procedure. Before this Court will consider his request for interim relief, Plaintiff must file a supporting brief describing the exact relief he requires and the facts that support his request for interim relief.[5] Failure to do so will result in denial of the motion without prejudice. With respect to Plaintiff's requests for injunctive

---

[5] Plaintiff seeks an order requiring the State Defendants to "fix" the healthcare system and the Individual Defendants to provide him with a stainless-steel replacement crown. He does not describe the "fix" that is necessary on a preliminary basis. He also offers no information about the treatment that is necessary for his tooth, including which tooth is involved, whether the tooth is currently crowned, whether a crown is recommended (or recommended against), or whether he is suffering symptoms of pain or infection.

relief, the Warden of Menard Correctional Center is an appropriate official capacity defendant. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

## Disposition

The Clerk is **DIRECTED** to **ADD** the **WARDEN OF MENARD CORRECTIONAL CENTER**, in his or her official capacity only, as a defendant in CM/ECF. The Warden is responsible for responding to discovery aimed at identifying the unknown defendant (John/Jane Doe 3) and for carrying out any injunctive relief that is ordered. The Warden must enter his/her appearance but does not need to answer or otherwise respond to the First Amended Complaint.

The Clerk is also **DIRECTED** to **ADD** a Motion for Preliminary Injunction as a docket entry in CM/ECF. If Plaintiff wishes to pursue the Motion, he must file a supporting brief on or before **August 15, 2019**. Failure to do so will result in dismissal of the Motion without prejudice.

**IT IS ORDERED** that the First Amended Complaint (Doc. 11) survives screening pursuant to 28 U.S.C. § 1915A, as follows: **COUNT 1** will proceed against Defendants **JOHN BALDWIN** and **LOUIS SHICKER**, and **COUNT 2** will proceed against Defendants **DR. DIEBOLD** and **JOHN/JANE DOE 3**. These claims are **DISMISSED** without prejudice against all other defendants for failure to state a claim. **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

The Clerk is **DIRECTED** to **TERMINATE** Defendants **BRUCE RAUNER** and **J.B. PRITZKER** as parties on the docket sheet.

**IT IS ORDERED** that as to **COUNTS 1** and **2,** the Clerk of Court shall prepare for Defendants **WARDEN OF MENARD CORRECTIONAL CENTER (official capacity only), JOHN BALDWIN, LOUIS SHICKER, DR. DIEBOLD,** and **JOHN/JANE DOE 3** (once identified): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and

(2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Memorandum and Severance Order (Doc. 8), the First Amended Complaint (Doc. 11), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or formally effecting service. Any documentation of the address shall be retained by the Clerk. Address information shall not be maintained in the court file or disclosed.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 15, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**