# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| MARK WINGER, | ) |
| #K97120, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JOHN BALDWIN, | ) Case No. 19-cv-00236-NJR |
| LOUIS SHICKER, | ) |
| DR. NEWBOLD, | ) |
| COLLEEN RUNGE, and | ) |
| DR. ASSELMEIER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Mark Winger filed this civil rights action pursuant to 42 U.S.C. § 1983 for federal and state law deprivations that allegedly occurred during his incarceration in the Illinois Department of Corrections ("IDOC") between 2012 and 2018. (Doc. 1). The Complaint addressed five separate incidents against defendants at multiple institutions. (*Id.*).

On May 1, 2019, the Court severed the claims arising from four incidents into separate cases. (Doc. 8). This case focuses on a fifth incident involving the denial of dental care for Winger's loose crown at Menard Correctional Center ("Menard") in 2018. The Complaint was dismissed without prejudice, and Winger was granted leave to file a First Amended Complaint to address his dental claims. (*Id.*). Following an initial screening of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, Winger was allowed to proceed with the following counts:

> **Count 1:** Eighth Amendment deliberate indifference claim against State Defendants John Baldwin and Louis Shicker for allowing inadequate staffing, leadership vacancies, and insufficient sick call procedures that caused the delay and/or denial of dental

1

> care for Plaintiff's loose crown at Menard in 2018.

**Count 2:** Eighth Amendment deliberate indifference claim against Dr. Newbold and Colleen Runge for delaying or denying dental care for Plaintiff's loose crown at Menard in 2018.

(*See* Docs. 12, 25, 74). Winger submitted a Motion for Leave to File a Second Amended Complaint on September 13, 2019, which the Court denied without prejudice for failure to comply with Local Rule 15.1. (Docs. 58, 64).

Again, on December 17, 2019, Winger filed another Motion for Leave to File Third Amended Verified Complaint, in which he brings claims against an additional defendant, Dr. Asselmeier and previously dismissed defendants, Pritzker and Rauner, as well as modifies his request for relief. (Doc. 91). Defendant Dr. Newbold filed a Response to the motion arguing that the Court "may deny leave to file an amended complaint in the case of 'undue delay, bad faith or dilatory motive on the part of the movant, *repeated failure to cure deficiencies by amendments previously allowed*, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment…'" (Doc. 95, p. 2) (quoting *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)(citations omitted)). Because Winger attempts in his proposed Third Amended Complaint to bring claims previously dismissed and requests permission to bring a class action, also previously denied, and such claims are not underlined, Dr. Newbold argues that the Motion should be denied. (*Id.*). If the Court grants Winger's leave to file his Third Amended Complaint, Dr. Newbold requests the Court to conduct a preliminary review under 28 U.S.C. § 1915A. (*Id.*).

The Court now considers Winger's motion to amend, as well as other pending motions—Motion for Sanctions (Doc. 82), Motion for Reconsideration (Doc. 83), and Motion for Preliminary Injunction (Doc. 96).

## AMENDED COMPLAINT

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires. Winger's motion is timely[1] and complies with Federal Rule of Civil Procedure 15(a)(1). While the Court acknowledges that Winger's proposed amended complaint does not underline material that was previously pled and dismissed by the Court, Winger has underlined claims that are "new material" to this case, and the Court considers the Motion to Amend and the proposed Third Amended Complaint properly filed. Nonetheless, the Third Amended Complaint is still subject to review under 28 U.S.C. § 1915A.[2] The Court will screen the proposed Third Amended Complaint in accordance with this statute in conjunction with its consideration of Winger's Motion.

Generally, the allegations set forth in the Court's Merit Review Order of the First Amended Complaint (Doc. 12) remain substantially similar; thus, the Court declines to recount the allegations set forth in the Third Amended Complaint. Winger adds claims of deliberate indifference, however, regarding his dental treatment against dentist Dr. Asselmeier. He alleges that Dr. Asselmeier examined him on multiple occasions after the crown fell off of his tooth. When Winger told Dr. Asselmeier that he wanted the crown replaced, Dr. Asselmeier told him that IDOC does not perform dental crown procedures. Winger claims that Dr. Asselmeier misdiagnosed his tooth as being unrestorable due to deep decay. After Winger was transferred to Western Illinois Correctional Center ("Western"), he was seen by dentist Dr. Cantino, who informed him that his tooth did not in fact have decay and was fully restorable with a crown. Winger states that Dr.

---

[1] Pursuant to the Initial Scheduling and Discovery Order, Plaintiff had until December 31, 2019, to file a motion for leave to amend the complaint to include any additional claims or parties. (Doc. 63).

[2] Pursuant to Section 1915A, any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

Asselmeier's misdiagnosis and failure to replace the crown has caused continued pain and suffering and prevented him from obtaining adequate dental care.

Winger adds allegations to state that the systemic deficiencies in medical and dental care are not isolated to his time at Menard, but are ongoing throughout all IDOC facilities. These deficiencies in care include IDOC's policy of not performing crown placement procedures. He also restates his claims against Bruce Rauner, former governor, and J.D. Pritzker, current governor.

Finally, Winger clarifies that he is seeking injunctive relief to replace and restore his stainless steel crown or receive an implant to repair the tooth that was damaged because of the conduct of Dr. Newbold, Colleen Runge, and Dr. Asselmeier. He requests compensatory and punitive damages against Runge, Newbold, and Asselmeier and injunctive and declaratory relief from Pritzker, Rauner, Baldwin, and Shicker to fix the healthcare system through all IDOC facilities.

Upon review of the Third Amended Complaint, the Court finds that the additional facts pled do not change the claims brought in Count 1. Although he claims that the healthcare system puts him and "all other inmates throughout Illinois prisons, including Menard, at risk of pain, injury and death", his allegations of constitutional violations for system practices that resulted in the delay or denial of treatment for his loose crown pertain only to his time at Menard. Winger also does not provide any additional details that implicate the former or current governor in any decision regarding Winger's dental care or the policies he now challenges. Therefore, Rauner and Pritzker remain dismissed from this suit. *See Sanville v. McCaughtry,* F.3d 724, 740 (7th Cir. 2001). For these reasons, Count 1 remains unchanged and shall proceed against Baldwin and Shicker.

As to Count 2, the allegations that Dr. Newbold and Colleen Runge delayed prompt repair

4

of Winger's loose crown resulting in Winger losing the crown remain substantially the same and support a deliberate indifference claim. (*See* Doc. 12, p. 4). Winger's additional claims that Dr. Asselmeier left his jagged tooth untreated and misdiagnosed as damaged by decay and unrestorable are also sufficient at this stage to proceed against Dr. Asselmeier.

The Court further finds that Winger has also stated a new claim regarding IDOC's policy of not providing crown procedures to inmates, which violated his constitutional rights to adequate health care at Menard and currently while at Western. Winger claims that because his crown has not been replaced, he has endured physical pain and suffering and further damage to his tooth. This claim will be designated as a new Count 3.

Therefore, for the reasons stated and as articulated in the Merit Review Order of the First Amended Complaint, (Doc. 12), the Court finds that the following Counts shall proceed:

> **Count 1**: **Eighth Amendment deliberate indifference claim against John Baldwin and Louis Shicker for allowing inadequate staffing, leadership vacancies, and insufficient sick call procedures that caused the delay and/or denial of dental care for Plaintiff's loose and eventually lost crown in Menard in 2018.**
>
> **Count 2:** **Eighth Amendment deliberate indifference claim against Dr. Newbold, Colleen Runge, and Dr. Asselmeier for delaying and/or denying dental care, including false diagnosis and interference with prescribed treatment, for Plaintiff's loose and eventually lost crown at Menard in 2018.**
>
> **Count 3**: **Eighth Amendment deliberate indifference claim against John Baldwin, Louis Shicker, and Dr. Asselmeier for maintaining and implementing the IDOC policy prohibiting crown procedures, preventing Plaintiff from receiving adequate dental care and causing physical pain and suffering.**

## CLASS ACTION

Winger again has sought permission to bring a class action. For the reasons stated in the Court's Merit Review Order of the First Amended Complaint, the request for certification as a

class action is denied. (*See* Doc. 12, pp. 3-4).

**MOTIONS FOR SANCTIONS**

Winger has filed a motion requesting the Court to sanction Dr. Newbold and his counsel for failing to appear at the preliminary injunction hearing held on October 17, 2019, and for misrepresenting the facts during the hearing. (Doc. 82). He argues that Dr. Newbold was ordered to appear in person pursuant to Court Order, (Doc. 67), and because Dr. Newbold was not at the hearing, Winger was unable to question the doctor and establish his likelihood of success on the merits. (Doc. 82, p. 2). Furthermore, Winger claims that Defendants' assertions that he was issued dental two call passes in March 2018 and refused the appointments were false as evident by his call pass log, which he attached to his motion. He states that the Court relied on these knowingly false arguments in rendering its decision to deny the motion for preliminary injunction. (*Id.* at pp. 4-5). Counsel for Dr. Newbold filed a response stating that Dr. Newbold did not fail to appear because the Court later issued an order stating that Dr. Newbold was not required to appear at the hearing. (Doc. 84, p. 4). As to the argument that Defendant's counsel made knowingly false statements, counsel did not have the call pass log until Winger attached it as an exhibit to his motion for sanctions. (*Id.* at p. 3).

Sanctions should be "invoked with the utmost caution[,]" *Corely v. Rosewood Care Ctr., Inc.,* 142 F.3d 1041, 1059 (7th Cir. 1998), and are appropriate only where the party seeking sanctions has demonstrated: (1) that the culpable party acted in bad faith, (2) to the detriment of the innocent party. *Ramirez v. T&H Lemont, Incorporated,* 845 F. 3d 772, 776 (7th Cir. 2016). Winger fails to meet either of these requirements. As to the first element, Dr. Newbold did not fail to appear in accordance with a court order, as the Court amended the order on October 8, 2019, stating that Dr. Newbold was no longer required to appear for the hearing. (Doc. 71). Further, in

his Response to Winger's Motion for Preliminary Injunction, Dr. Newbold relies on Winger's medical records to claim that Winger refused dental appointments on March 22, 2018, and March 29, 2108. (Docs. 59, p. 5; citing Doc. 59-1, p. 4). While there does seem to be discrepancies in the call pass log submitted by Winger and the medical records submitted by Dr. Newbold, this does not demonstrate bad faith.

As to the second element, Winger has not demonstrated how Dr. Newbold's actions prejudiced him in litigating his motion. First and foremost, the Court concluded that Winger's Motion was subject to dismissal on mootness grounds alone. (Doc. 74, p. 5). Additionally, the Court ruled that he had not demonstrated *any* of the factors required for a preliminary injunction. Even if Dr. Newbold had been present for Winger to question in order to establish a likelihood of success on the merits of his claim, the Court still found that he had failed to show that there was not an adequate remedy at law and that he would suffer irreparable harm without the injunction. (Doc. 74, pp. 6-7). Thus, the Motion for Sanctions is denied.

## MOTION FOR RECONSIDERATION

Winger has also filed a motion asking the Court to reconsider the denial of his preliminary injunction motion. (Doc. 83). Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). A motion to reconsider filed more than 28 days after entry of the challenged order, "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir.1994) (citing *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir.1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

The Court's order denying the request for preliminary injunction was entered on October 21, 2019, and Winger signed and filed his motion on November 20, 2019, after the 28 period had expired. Thus, as a Rule 59(e) motion, the Motion is time barred, and the Court will construe the Motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *United States v. 8136 S. Dobson St., Chi. Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997). The Rule permits a court to relieve a party from an order or judgment based on such grounds as "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Additionally, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.,* 214 F.3d 798, 801 (7th Cir.2000); *Parke–Chapley Constr. Co. v. Cherrington,* 865 F.2d 907, 915 (7th Cir.1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964).

In his motion, Winger argues that his is request is not moot because even though he lost his crown following Dr. Newbold's retirement, it was Dr. Newbold and Nurse Runge's conduct that caused him to lose his crown. Furthermore, he is still being denied a new crown because of the IDOC policy not to replace crowns, even following his transfer to Western. (Doc. 83, p. 2). Winger also claims that he demonstrated the factors necessary for a preliminary injunction in that (1) his testimony that Dr. Newbold did not follow IDOC Administrative Directives, which led to the loss of his crown, and Dr. Newbold could have prevented the loss of his crown at his original appointment on November 7, 2017, was not rebutted, and therefore, demonstrated a likelihood of

8

success on the merits;[3] (2) the legal remedies are not adequate, as the recommend treatment is to restore the tooth with a new crown; (3) Dr. Catino testified that his tooth is structurally weak, drying out, and susceptible to disease, establishing irreparable harm; and (4) the balance of equities favor Winger because the net harm to him exceeds the cost to Defendants and IDOC. (*Id.* at pp. 4-7).

The Court does not find that exceptional circumstances exist in this case to warrant the extraordinary remedy that Winger seeks. Rule 60(b) is not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the Court made its decision. "A contention that the judge erred with respect to the materials in the record," as Winger is doing here, is not within the scope of Rule 60(b) *Gleash v. Yuswak,* 308 F.3d 758, 760 (7th Cir. 2002). Thus, the Motion is denied.

## MOTION FOR PRELIMINARY INJUNCTION

Winger has filed a Motion for Preliminary Injunction asking the Court to order Defendants to restore or repair his tooth #2. (Doc. 96). He claims that his damaged tooth #2 is at imminent risk of irreparable harm and has fractured since the previous preliminary injunction hearing regarding his dental concerns of the same tooth. (*Id.* at p. 14). Because Winger claims he is continuing to be injured by IDOC's statewide policy prohibiting crown replacement, even after his transfer, the Court will not dismiss this motion as moot at this time. *See Lehn v. Holmes,* 364 F.3d 862, 871 (7th Cir. 2004).

Defendants are ordered to respond to the request for a preliminary injunction by January 27, 2020, at which point the Court will determine the need for a hearing on the request for

---

[3] Winger again asserts the Dr. Newbold's failure to appear and counsel's misrepresentation about his refusal to attend two dental appointments impeded his ability to demonstrate his likelihood of success on the merits. Because the Court previously discussed these arguments in denying his motion for sanctions, it will not address these arguments here.

9

preliminary injunction.

## DISMISSAL OF THE WARDEN

Because the unknown defendant John/Jane Doe 3 has been identified, Frank Lawrence, Warden of Menard Correctional Center, is no longer a necessary party, and is dismissed without prejudice. (*See* Doc. 12, p. 5; Doc. 74).

## DISPOSITION

Pursuant to Rule 15, and after review of the Third Amended Complaint pursuant to 28 U.S.C. § 1915A, the Court **GRANTS** Winger's Motion for Leave to File an Amended Complaint (Doc. 91). **COUNT 1** shall proceed against **Baldwin** and **Shicker, COUNT 2** shall proceed against **Newbold, Runge,** and **Asselmeier,** and **COUNT 3** shall proceed against **Baldwin, Shicker,** and **Asselmeier.**

The Clerk of Court is **DIRECTED** to file the Third Amended Complaint and to add **Dr. Asselmeier** to the docket as a defendant. For the reasons stated, **Acting Warden Frank Lawrence** is **DISMISSED** without prejudice, and the Clerk is **DIRECTED** to terminate him from the docket.

The Motion for Sanctions (Doc. 82) and the Motion for Reconsideration (Doc. 83) are **DENIED**.

Finally, Defendants are **ORDERED** to respond to the Motion for Preliminary Injunction (Doc. 96) by **January 27, 2020,** at which point the Court will determine the need for a hearing on the Motion.

Further, the Clerk of Court shall prepare for **Asselmeier**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Third Amended Complaint, the original Merit Review Order of the First Amended Complaint (Doc. 12), this Memorandum and

Order, and the Motion for Preliminary Injunction (Doc. 96) to the defendant's place of employment as identified by Winger.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Third Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Administrative Order No. 244, Defendants should respond to the issues stated in the original Merit Review Order of the First Amended Complaint (Doc. 12) and in this Merit Review Order. Defendants are **ADVISED** that the Court does not accept piecemeal answers.

**IT IS SO ORDERED.**

**DATED:  January 10, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**