| | |
|---|---|
| MARK WINGER,<br>#K97120,<br><br>                     **Plaintiff,**<br><br>   v.<br><br>ROB JEFFREYS,<br>DR. STEVE MEEKS,<br>DR. NEWBOLD,<br>COLLEEN RUNGE, and<br>DR. ASSELMEIER,<br><br>                    **Defendants.** | Case No. 19-cv-00236-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Mark Winger filed this civil rights action pursuant to 42 U.S.C. § 1983 for federal and state law deprivations that allegedly occurred during his incarceration in the Illinois Department of Corrections ("IDOC") between 2012 and 2018. (Doc. 1). The Court severed Winger's claims arising from four incidents into separate cases. (Doc. 8). This case focuses on denial of dental care for Winger's damaged crown.

On December 17, 2019, Winger filed a motion requesting leave to file a third amended complaint. He later also filed a second Motion for Preliminary Injunction. (Doc. 96). The Court granted Winger's motion to amend the complaint and deferred ruling on the Motion for Preliminary Injunction (Doc. 97). Defendants filed responses in opposition to the motion. (Docs. 108, 110). For the following reasons, the Court denies Winger's motion.

Winger's First Amended Complaint brought claims against IDOC officials, Dr. Newbold, and Nurse Runge for events that occurred at Menard in 2018. Along with the First Amended Complaint, Winger filed a Motion for Preliminary Injunction. (Docs. 11, 13). On October 21, 2019, following a hearing, the Court denied Winger's motion for a preliminary injunction. (Doc. 74). The Court determined that because Dr. Newbold retired in March 2018, and Winger had been transferred to Western Illinois Correctional Center ("Western") in August 2019, the request for emergency injunctive relief was moot. (*Id.* at p. 4). The Court also found the Winger had failed to demonstrate any of the factors necessary for obtaining a preliminary injunction. (*Id.* at p. 5).

Winger subsequently filed a Motion for Leave to File Third Amended Verified Complaint and a second Motion for Preliminary Injunction. (Docs. 91, 96). In the Third Amended Complaint, Winger alleges that while at Menard Correctional Center ("Menard"), he was seen by Dr. Newbold for a loose crown on November 17, 2017. (Doc. 98, p. 26). Because of systematic failures, he did not receive prompt repair of his crown for several months, and he swallowed the crown on April 16, 2018. (Doc. 98, p. 27). After he lost his crown, he was examined by Dr. Asselmeier, who would not replace his crown due to IDOC policy and misdiagnosed his tooth as being unrestorable. (Doc. 97, p. 3; Doc. 98, p. 29). He claims that the systemic deficiencies in dental care, specifically the statewide policy to not replace dental crowns, has continued while at Western. Winger asks for a preliminary injunction ordering Defendants to take him to be evaluated by an outside dentist for recommended treatment, which will be to either install a new crown or replace tooth #2 with an implant, and that the Court order Defendants to follow

the treatment plan recommended by the outside dentist. (Doc. 96-1, p. 23).

MOTIONS FOR PRELIMINARY INJUNCTION

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R Miller, & Mary Kay Kane, Federal Practice and Procedure §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). A plaintiff has the burden of demonstrating:

- a reasonable likelihood of success on the merits;
- no adequate remedy at law; and
- irreparable harm absent the injunction.

*Planned Parenthood v. Comm'r of Ind. State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012).

As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once a plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665. In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C.

§ 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

The Court finds that Winger is not entitled to a preliminary injunction at this time, as he has not demonstrated a likelihood of success on the merits or that he will suffer irreparable harm absent a Court ordered injunction. Despite being transferred to a different facility, Winger argues that his request for a preliminary injunction is not moot because he is still being injured by IDOC's statewide policy prohibiting crown replacement. In order to demonstrate a likelihood of success on the merits of his claim, Winger presents factual assertions regarding the conduct of Dr. Newbold, Nurse Runge, and Dr. Asselmeier during his time at Menard. (Doc. 96-1, p. 16-19 ; Doc. 96-1, p. 2-9). He has not, however, presented any arguments or allegations regarding his dental treatment at Western and how the alleged policy of not replacing crowns has violated his rights under the Eighth Amendment. Thus, he has not demonstrated a likelihood of success on the merits of the underlying claim that the IDOC policy has resulted in deliberate indifference and prevented him from receiving adequate dental care currently at Western.

Winger also argues that tooth #2 is at imminent risk of irreparable harm, which is evident by the fact that a piece of tooth #2 has broken off since the hearing on his first motion for a preliminary injunction. (Doc. 96-1, pp. 14, 20). He states that if he does not receive a replacement crown there is a strong likelihood that his tooth will be irreparably damaged. (*Id.* at p. 20).

In response, Defendants submitted a Declaration by Dr. Cantino, who is currently

treating Winger at Western. (Doc. 108-2). In the Declaration, Dr. Cantino states that he examined tooth #2 on December 11, 2019, and observed that part of the crown build-up had fractured off of the tooth. (*Id.* at p. 2). Dr. Cantino recommended a build-up for tooth #2. (*Id.*). On December 17, 2019, Dr. Cantino preformed a build-up of another tooth, tooth #14, and again recommended that a build-up be performed for tooth #2, but noted there is no emergency situation for the build-up. (*Id.*). According to the medical records, since Winger's appointment on December 17, 2019, Winger has not requested to be seen by a dentist. Dr. Cantino states in the Declaration that "[i]f Mr. Winger requested an appointment for tooth #2, I would perform the build-up (restoration) on the tooth." (*Id.*).

The Court finds that Winger has not made a clear showing of immediate and irreparable injury that will result without a preliminary injunction. *See Wright v. Miller*, 561 F. App'x 551, 554 (7th Cir. 2014). Although he has not received a crown for tooth #2 and part of the crown build-up has broken off the tooth, he does not allege that he is being denied dental treatment, and Defendants' response indicates that Winger continues to be treated by dental staff at Western. Winger's claim that he could experience irreparable damage if he does receive a replacement crown does not show likely harm.[1] "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a *clear showing* that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22 (emphasis added). *See also Orr v. Shicker*, 953 F.3d 490, 502 (7th Cir. 2020). Because

---

[1] Winger also cites to Dr. Cantino's testimony during the hearing on the first preliminary injunction motion in support of his allegation that the tooth could be damaged while eating or by infection. (Doc. 96-1, p. 20). Following the hearing, however, the Court determined that Dr. Cantino's testimony did not suggest that Winger would suffer irreparable harm without interim relief. (Doc. 74, p. 6).

Winger has not made a clear showing that he is entitled to relief, the motion is denied.

## MOTION TO SUBSTITUTE

In the response to the motion for a preliminary injunction filed by Baldwin, Shicker, and Runge (Doc. 110), Defendants state that John Baldwin and Louis Shicker are no longer employed by IDOC. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Winger requests that Rob Jeffreys, acting director of IDOC, be substituted for John Baldwin and Dr. Steve Meeks, chief of health services for IDOC, be substituted for Louis Shicker. (Doc. 111). As these defendants are sued in their official capacities only, the motion is granted. (*See* Doc. 98, pp. 2, 6).

## DISPOSITION

For the reasons set forth above, the Motion for Preliminary Injunction (Doc. 96) is **DENIED.**

The Motion to Substitute (Doc. 111) is **GRANTED**. The Clerk of Court is **DIRECTED** to substitute Rob Jeffreys for John Baldwin and Dr. Steve Meeks for Louis Shicker and to terminate Baldwin and Shicker from the docket.

**IT IS SO ORDERED.**

**DATED:** April 14, 2020

**_____**
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**