IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARK WINGER,**<br>**#K97120,**<br><br>　　　　　　**Plaintiff,**<br><br>v.<br><br>**ROB JEFFREYS,** *et al.***,**<br><br>　　　　　　**Defendants.** | Case No. 19-cv-00236-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is currently before the Court on a Motion Requesting a Court Appointed Expert Witness (Doc. 114) filed by *pro se* Plaintiff Mark Winger. Defendants filed a Joint Response requesting the Court to deny the Motion. (Doc. 115). Also, before the Court are two motions requesting additional time to respond to discovery requests filed by Defendants Asselmeier, Jeffreys, Meeks, and Runge. (Docs. 117, 118). For the following reasons, the Motion Requesting a Court Appointed Expert Witness is denied, and the Motions for Extension of Time are granted.

### MOTION REQUESTING A COURT-APPOINTED EXPERT WITNESS

Winger requests for the Court to appoint an expert witness "who specializes in the field of dentistry and who is knowledgeable in the standards of care set and established by the American Dental Association." (Doc. 114-1, p. 3). He states that an expert would "be an essential part" of presenting his case and opposing any motions for summary judgment filed by Defendants. (*Id.* at p. 7). Winger argues that an expert will assist the Court and jury in understanding the issues by (1) demonstrating the standard of care and how Defendants deviated from it; (2) looking over various policies and practices implemented by the Illinois Department of Corrections, written or unwritten, and forming an opinion as to whether such policy regarding crown procedures exists; and (3) clarifying issues regarding leadership vacancies and insufficient sick call procedures that result in

the delay or denial of dental care. Although he is not proceeding *in forma pauperis* in this case, Winger claims he is indigent and cannot afford to pay an expert. (*Id.* at p. 9). He also states that because of COVID-19 library access is limited, making researching available experts difficult.

Federal Rule of Evidence 706 gives the Court discretion to appoint a neutral expert to assist the trier-of-fact in evaluating complex information. *Ledford v. Sullivan*, 105 F.3d 354, 358-359 (7th Cir. 1997). However, as the Seventh Circuit has pointed out, Rule 706 "allows appointment of an expert witness if necessary to help the *court* understand the issues, not to assist a party in preparing his case." *Dobbey v. Carter,* 734 F. App'x 362, 364-65 (7th Cir. 2018). *See also Turner v. Cox*, 569 F. App'x 463, 468 (7th Cir. 2014). An expert should not be appointed simply to help a party prove his case. Additionally, there is no statutory provision or constitutional right that directs the appointment of an expert witness at government expense to present evidence or testify on a litigant's behalf. *See Brown v. United States,* 74 F. App'x 611, 614-15 (7th Cir. 2004).

Winger claims that Defendants acted with deliberate indifference by provided inadequate dental treatment for his loose and eventually lost crown and implementing unconstitutional procedures and policies regarding dental care and crown replacement in violation of the Eighth Amendment. (Doc. 97, p. 5). Generally, a deliberate indifference claim does "not demand that the [trier-of-fact] consider probing, complex questions concerning medical diagnosis and judgment." *Ledford*, 105 F.3d at 359. The Seventh Circuit has stated that an expert is not necessarily needed to prove deliberate indifference, as it is not like medical malpractice which "delves into reasonable standards of medical care." *Id. See also Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008); *Watts v. Monroe,* No. 15-cv-0778, 2017 WL 2794286, at *5 (S.D. Ill. June, 28, 2017) (expert testimony not necessarily required for a deliberate indifference claim); *Hayes v. Snyder,* 546 F. 3d 1068, 1072 (7th Cir. 2008) (a plaintiff does not have to prove that his complaints of pain were "literally ignored," but only that "the defendants' responses to it were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs.").

Here, the facts do not appear to be so complex or technical, at least at this stage, that an expert would be required for a trier-of-fact to understand the evidence. It appears that Winger requires an expert to help in evidence gathering and preparing his case, rather than to explain the evidence that will be presented. Because Winger is not entitled to have an expert witness at government's expense "in order to establish a fundamental element of his case[,]" *Brown,* 74 F. App'x at 614, the motion is denied.

Going forward, if Winger is having difficulty meeting discovery or summary judgment deadlines, he is advised that he may always file a motion requesting additional time so that he may conduct sufficient research, request any relevant documents from Defendants, and prepare appropriate responses. He may also file a motion for recruitment of counsel. When filing a motion for counsel, Winger must demonstrate that (1) he is indigent; (2) he has made a reasonable attempt to obtain counsel on his own or has been precluded from doing so; and (3) given the difficulty of the case, he is not capable of representing himself. *See Pruitt v. Mote,* 503 F.3d 647, 649 (7th Cir. 2007); 28 U.S.C. § 1915(e)(1).

## MOTIONS FOR EXTENSION OF TIME

The Motions for Extension of Time are granted. (Docs. 117, 118). Dr. Asselmeier shall have until **November 28, 2020,** to respond to Winger's Interrogatories and Request for Production dated September 29, 2020. Runge, Jeffreys, and Dr. Meeks shall also have until **November 28, 2020,** to respond to Winger's Interrogatories and Request for Production dated September 29, 2020.

**IT IS SO ORDERED.**

**DATED:   October 29, 2020**

                   *s/Stephen P. McGlynn*
                  **STEPHEN P. MCGLYNN**
                  **United States District Judge**