IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARK WINGER,
#K97120,

        Plaintiff,

v.

ROB JEFFREYS,
DR. STEVE MEEKS,
DR. NEWBOLD,
COLLEEN RUNGE, and
DR. ASSELMEIER,

        Defendants.

Case No. 19-cv-00236-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Mark Winger, an inmate of the Illinois Department of Corrections, currently incarcerated at Western Illinois Correctional Center, is proceeding on claims against Defendants pursuant to 42 U.S.C. § 1983 for violating the Eighth Amendment by delaying and denying him dental care. (*See* Doc. 97). This matter is before the Court on various motions filed by Plaintiff Winger: Motion for Subpoena Forms (Doc. 123), Motion to Compel (Doc. 124), Motion for Preliminary Injunction (Doc. 126), and Motion for Extension of Time (Doc. 127).

### MOTION FOR SUBPOENA FORMS

Winger asks the Court to provide him with copies of blank subpoena forms. (Doc. 123). This motion is **GRANTED**. Attorneys may issue subpoenas on their own but *pro se* litigants must obtain Court approval prior to issuing subpoenas. Thus, the Clerk of Court shall provide Winger with four (4) subpoena forms (AO88B), blank and unsigned. Winger must complete the forms and submit them to the Court for review. Winger shall take appropriate steps to avoid imposing undue burden or expense on a person subject to subpoena and shall restrict his requests to information

that is relevant to the claims or defenses.

## MOTION TO COMPEL

On January 7, 2021, Winger filed a Motion to Compel Defendant Jeffreys's answers to his interrogatories due December 28, 2020. (Docs. 124, 122). In response, Counsel for Defendant Jeffreys asks the Court to deny the motion arguing that an order to compel is not necessary. He asserts that Jeffreys's responses are completed but awaiting Jeffreys's signature and will be sent once they are signed. Defense Counsel states that he would have informed Winger of this delay had Winger attempted to confer with him prior to filing the Motion to Compel, as required by Federal Rule of Civil Procedure 37.

As Defense Counsel has responded that the interrogatory responses were sent as soon as Jeffreys signed the documents, and Winger has not filed anything further with the Court indicating that he has not received the requested discovery, an order to compel is not necessary at this time. Additionally, Winger has not provided any information that he made a good faith effort to resolve the discovery issue prior to involving the Court. *See* FED. R. CIV. P. 37(a)(1). Thus, the Motion to Compel is **DENIED.**

## MOTION FOR PRELIMINARY INJUNCTION

Winger has filed a motion asking the Court to issue a preliminary injunction directing the Warden of Western Illinois Correctional Center to allow him to copy the transcript from a preliminary injunction hearing containing testimony from Defendant Newbold in another civil case. (Doc. 126). He claims that he has tried twice to obtain copies of the transcript and has been denied by the officer who is temporarily assigned to the facility's law library. The transcript was returned to him with a note stating that the law library "will not copy another inmate's transcripts…" (*Id.* at p. 2). Winger states that he wants to use the transcript at trial for impeachment purposes or under direct examination in support of his case. He argues he is required to serve

defendants copies of the transcript in compliance with the Federal Rules of Evidence and the Court's Scheduling and Discovery Order.

In order to obtain a preliminary injunction, Winger must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). Additionally, "a preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Daniels v. Dumsdorff,* No. 19-cv-00394, 2019 WL 3322344 at *1 (S.D. Ill. July 24, 2019) (quoting *Hallows v. Madison Cty. Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018)). In other words, there must be a "relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). *See also Hardy v. Rauner*, 17-cv-1354-NJR-DGW, 2018 WL 5914819, at *3 (S.D. Ill. Aug. 29, 2018).

Winger has not made a "clear showing" that he is entitled to emergency relief, and the Motion for Injunction is **DENIED**. (Doc. 126). Winger does not seek relief related to the allegations in his Third Amended Complaint regarding inadequate dental care, and furthermore, he asks the Court to issue an injunction against the Warden of Western Illinois Correctional Center, who is not a party to this case. The Court does not have jurisdiction to enter an injunction in such a situation, and a motion for a preliminary injunction is not a proper avenue for Winger to add claims and individuals to this lawsuit.

Additionally, the Court notes that Winger has not demonstrated that he will suffer

irreparable harm without an injunction. Winger may obtain copies of the hearing transcript from *Watford v. Newbold,* No. 17-cv-01252-MJR-SCW, by submitting a request to the Clerk of Court, along with the required fee of $.50 per page. *See* 28 U.S.C. § 1914(b). The fee for two copies of the 47 page transcript is $47.00. Upon receipt of this payment, the requested copies shall be mailed to Winger.

### MOTION FOR EXTENSION

In light of this Order, the parties will be given additional time to complete discovery. Winger's Request that the Court Extend the Discovery Period is **GRANTED in part.** (Doc. 127). All discovery shall be completed by **June 6, 2021,** and dispositive motions and *Daubert* motions shall be filed by **July 6, 2021.**

**IT IS SO ORDERED.**

**DATED:   April 7, 2021**

　　　　　　　　　　　　　　　　　　　　　　　_s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**