IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARK WINGER,
#K97120,

        Plaintiff,

v.

ROB JEFFREYS, *et al.*,

        Defendants.

Case No. 19-cv-00236-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on various motions filed Plaintiff Mark Winger.

### I. Motion for Court Appointed Expert Witness

Plaintiff Winger, who is litigating this case *pro se*, has filed a second motion asking the Court to appoint an expert. (Doc. 140). He states that Defendants have disclosed a list of expert witnesses. According to Winger, the list includes Defendants as experts and two non-party experts, Dr. Sandhu, Wexford's Dental Director, and Dr. Catino, his treating dentist. Winger notes that he too is planning on calling Dr. Catino as a witness. Winger argues he will need an expert to offer an opinion refuting the expected testimony of Defendants' experts, particularly Dr. Sandhu. Winger states he is indigent, however, and cannot afford the cost of an expert witness. He asks the Court to appoint an expert pursuant to Federal Rule of Evidence 706.

As the Court previously stated, an expert should not be appointed to help a party prove his case. (Doc. 119, p. 2). As noted by the Seventh Circuit, Rule 706 does not empower "a district court to appoint a partisan expert at public expense." *Bey v. Haines,* 802 Fed. App'x 194, 198 (7th Cir. 2020). Rather, it gives the Court discretion to appoint a *neutral* expert to assist the trier of fact understand the issues. *See Ledford v. Sullivan,* 105 F.3d 354, 358-359 (7th Cir. 1997); *Dobbey v.*

Page 1 of 6

*Carter*, 734 F. App'x 362, 364-65 (7th Cir. 2018); *Turner v. Cox*, 569 F. App'x 463, 468 (7th Cir. 2014). While Winger has a right to access the courts and litigate his case, "there exists no right to have one's adversary, or the public treasury, defray all or part of the cost of litigation." *Williams v. Lomen,* 81 Fed. App'x 871, 873 (7th Cir. 2003) (citing *Johnson v. Daley,* 339 F. 3d 582, 586 (7th Cir. 2003)). The Court does not have the authority to recruit and pay for an expert to assist Winger in presenting his claims at the taxpayers' or Defendants' expense. Thus, the motion for court appointed expert witness is **DENIED.**

## II. Recruitment of Counsel

Winger has also filed a motion asking the Court to recruit counsel on his behalf. (Doc. 142). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel."[1] When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

As to the first question, it appears Winger has made reasonable efforts to obtain counsel on his own. He describes writing to and receiving declination letters from four law firms. (Doc. 142, p. 35). Nonetheless, the Court finds that Winger is more than capable of proceeding *pro se.* Winger is proceeding on three Eighth Amendment claims against Defendants for deliberate indifference that resulted in inadequate dental care, pain and suffering, and the eventual loss of his crown in 2018. He argues he is in need of court recruited counsel because (1) the case requires extensive discovery, including statements and interviews from other inmates and expert testimony; (2) he

---

[1] Although Winger is not proceeding *in forma pauperis* and has paid the full filing fee, the Court finds him indigent and unable to afford counsel for the purposes of Section 1915(e)(1). His prison financial statements indicate that as of May 28, 2021, he had $1,249.74 in his trust fund account. (Doc. 142, p. 44). This is simply not sufficient to pay an attorney's hourly rate to litigate a case.

has several health issues that impede his ability to concentrate on complex matters, express himself verbally, and read for extended periods of time; (3) he has limited access to the law library; and (4) he anticipates undergoing knee surgery in the coming months and will be confined in the infirmary during recuperation and rehabilitation. (Doc. 142, p. 2-5).

Nothing in the record demonstrates that Winger is incapable of representing himself through summary judgment. Winger is a college graduate with a degree in physics and has even taken some post graduate courses. (Doc. 142, p. 35). Although he claims to have difficulty reading and concentrating on complex matters for extended periods of time, his filings are well written, organized, cite to supporting case law, and reflect a sophisticated grasp of the issues in this case. For example, the motion for recruitment of counsel is 45 pages and includes a supporting memorandum of law, a table of contents, table of authorities, a well developed argument section, and attached exhibits.

As for discovery issues, Winger has been able to request and issue subpoenas and send interrogatories and document production requests. In response to undisclosed discovery, Winger has properly filed motions to compel, which are pending with the Court. Because Winger is proceeding on a claim against Defendants for maintaining policies that led to his constitutional conditions, discovery may be voluminous. Based on the record, however, Winger is capable of seeking the documents he requires to present his case. To the extent Defendants are refusing to produce certain relevant documents, the Court will set a hearing on the motions to compel and resolve the matter at a later date.

Finally, while Winger may have limited access to the law library, the Court does not find that this warrants counsel. Summary judgment is based on whether or not there is a dispute of fact. The Court is familiar with the law, and a response to summary judgment does not require Winger to explain the legal basis for each of his claim. If needed, he may always request additional time

to file his response to any dispositive motion Defendants may file. The motion for recruitment of counsel is therefore **DENIED.**

**IV. Motion Requesting Blank Subpoena**

The motion requesting blank subpoena forms is **GRANTED.** (Doc. 150). The Clerk of Court is **DIRECTED** to provide Winger with two (2) subpoena forms (AO88B), blank and unsigned. The Court has an obligation to ensure that its subpoena power is not being abused, therefore Winger must complete the forms and submit them to the Court for review. When filing out the forms, Winger shall provide a reasonable time for a response to the subpoena by marking the "Date and Time:" field as follows: "14 days after receipt." Winger shall take appropriate steps to avoid imposing undue burden or expense on a person subject to subpoena and shall restrict his requests to information that is relevant to his claims.

**V. Motion Requesting Additional Requests for Production**

In the Scheduling and Discovery Order each party was limited to 15 requests for production of documents and informed that this limit may be increased for good cause shown. (Doc. 113). Winger states that he miscalculated the number of requests for production he was allotted by the Scheduling and Discovery Order. He requests 5 additional requests for production. (Doc. 151).

Winger has not shown good cause, and the motion requesting additional requests for production is **DENIED.** He has not provided enough information for the Court conclude that additional discovery is necessary at this late stage in the case. The denial is without prejudice, however, and Winger may refile the motion. Upon refiling, he must provide the Court additional information, such as the proposed requests for production of documents and who he wishes to serve with the additional requests. The motion must be filed within the new discovery deadline set by the Court and to allow the recipient 30 days to respond.

**VI. Motions for Extension**

Winger has filed a motion requesting additional time to complete discovery (Doc. 143), and Defendants have filed motions asking the Court to extend the dispositive motion deadline. (Doc. 147, 148). These motions are **GRANTED in part.** All discovery shall be completed by December 7, 2021. Dispositive and Daubert motions are due by January 6, 2022.

**IV. Remaining Motions**

As mentioned, also pending before the Court are motions relating to outstanding discovery. Winger has filed two motions to compel. (Doc. 131, 144). The Court will set these motions for a hearing. At the hearing, the parties shall come prepared to discuss the pending motions, all outstanding discovery, and any additional discovery that still needs to be conducted.

The motion for Daubert hearing to limit or exclude expert testimony (Doc. 145) filed by Winger will be addressed in a separate order.

## DISPOSITION

For the reasons stated above, the Second Motion for a Court Appointed Expert Witness (Doc. 140) and the Motion for Recruitment of Counsel (Doc. 142) are **DENIED.**

The motions for extension of time filed by Winger and Defendants are **GRANTED in part.** (Doc. 143, 147, 148).   All discovery shall be completed by **December 7, 2021.** Dispositive and Daubert motions are due by **January 6, 2022.**

The Motion Requesting Blank Subpoena Forms is **GRANTED**. (Doc. 150). The Clerk of Court is **DIRECTED** to provide Winger with two (2) subpoena forms (AO88B), blank and unsigned. Winger shall fill out the forms and return them to the Court for review, keeping in mind the new discovery deadline.

The Motion Requesting Additional Requests for Production is **DENIED**. (Doc. 151).

The Court will set a hearing on the pending Motions to Compel. (Doc. 131, 144).

The Motion for Daubert Hearing to Exclude Expert Witnesses (Doc. 145) filed by Winger will be addressed in a separate order.

**IT IS SO ORDERED.**

**DATED:**   October 22, 2021

                                             *s/Stephen McGlynn*
                                             **STEPHEN P. MCGLYNN**
                                             **United States District Judge**