IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARK WINGER,** #K97120, | |
| Plaintiff, | Case No. 19-cv-00236-SPM |
| v. | |
| **ROB JEFFREYS,** *et al.*, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on discovery motions filed by pro se Plaintiff Mark Winger. Winger has filed a motion asking for a Daubert hearing challenging the admissibility of the expert witnesses disclosed by Defendants Newbold and Asselmeier pursuant to Rules 702, 703, and 705 of the Federal Rules of Evidence. (Doc. 145). He has also filed a second motion seeking additional requests for document production. For the reasons below, both motions are denied. Defendants will be directed, however, to provide new corrected expert disclosures.

### MOTION FOR DAUBERT HEARING

a. Arguments

On June 4, 2021, Winger received expert witness disclosures from Defendants Dr. Newbold and Dr. Asselmeier. (Doc. 145, p. 1). These Defendants disclosed the following individuals as expert witnesses pursuant to Federal Rule of Civil Procedure 26(a)(2)(C): Dr. Newbold, Dr. Asselmeier, Runge, Dr. Meeks, Jeffreys, Dr. Catino, and Dr. Sandhu. (*See* Doc. 141-1). Dr. Newbold, Dr. Asselmeier, Runge, Dr. Meeks, and Jeffreys are Defendants in this case. Dr. Catino is not named as a defendant but has provided dental care to Winger, and Dr. Sandhu, who

Page 1 of 10

is also not a defendant, is the current Dental Director for Wexford Health Sources, Inc. In his motion, Winger contests the admissibility of expert testimony by six of the seven proposed experts: Newbold, Asselmeier, Meeks, Runge, Jeffreys, and Sandhu. He does not ask the Court to exclude Dr. Catino as an expert.

Winger argues that these Defendants do not meet the criteria to offer expert opinions related to the facts of this case and that their layperson testimonies would be sufficient on their own. Winger states that Defendants have not offered any evidence that the expert witnesses' opinions are based on scientific methods that can be tested or that have reliability or repeatability throughout the industry. He asks the Court to hold a Daubert hearing to examine the experts and determine the admissibility of the proposed testimony.

Defendants Dr. Newbold and Dr. Asselmeier filed a response in opposition. (Doc. 149). They point out that it appears Winger is confusing retained experts and non-retained experts under Federal Rule of Civil Procedure 26(a)(2). They state that the experts they have disclosed are not retained experts and therefore, do not have to provide a written report pursuant to Rule 26(a)(2)(B). As treating dentists, Dr. Newbold and Dr. Asselmeier have firsthand knowledge of the events giving rise to the ligation and were not retained or specially employed to provide testimony. Furthermore, Defendants Runge, Dr. Meeks, and Jeffreys are expected to testify within their scope of their training and experience as a dental assistant, physician, and Director of the Illinois Department of Corrections. Finally, Defendants argue that Winger does not offer any reason for why Dr. Sandhu's testimony should be barred. Dr. Newbold and Dr. Asselmeier ask the Court to deny the motion.

    b. *Analysis*

The Federal Rules of Civil Procedure divide expert witnesses into two categories (1) witnesses who are retained or specifically employed to provide expert testimony in a case; and (2)

"witnesses providing testimony because of their involvement in the facts of the case." *Musser v. Gentiva Health Services,* 356 F. 3d 751, 756-57 (7th Cir. 2004) (citing FED. R. CIV. P. 26(a)(2)(B) and (C)). Expert witnesses in both categories must be disclosed pursuant to Rule 26(a)(2)(A), but only for a retained expert witness must a party submit a comprehensive report detailing the witness's qualifications, previous cases in which the expert has testified, compensation to be paid, and all opinions formed by the witness and the reasoning, facts, data, and exhibits used to support such opinions. For non-retained expert witnesses, a party must disclose the subject matter and a summary of the facts and opinions to which the witness is expected to testify. FED. R. CIV. P. 26(a)(2)(C)(i) and (ii).

Even non-retained experts are subject to the admissibility requirements of Federal Rules of Evidence 702 and the Supreme Court's holding in *Daubert v. lMerrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). Rules 702, as amended after *Daubert*, provide that expert testimony is admissible if offered by a witness qualified by knowledge, skill, experience, training or education, and if (1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principles and methods; and (3) the witness reliably applied the principles and methods to the facts of the case. Rule 702 requires that the expert's scientific, technical, or other specialized knowledge assist the trier of fact to understand the evidence or to determine a fact in issue. Simply stated, "Rule 702 requires that expert testimony be relevant, reliable, and have a factual basis — —requirements that must be met before the jury is allowed to hear and perhaps be persuaded by the expert testimony." *Lapsley v. Xtek, Inc.*, 689 F.3d 802, 809 (7th Cir. 2012).

The experts disclosed by Defendants appear to be the type of hybrid fact/expert witnesses contemplated by Rule 26(a)(2)(C). The Court, however, finds that Defendants' disclosure is deficient pursuant to Rule 26(a)(2)(C), and thus, the Court cannot make a determination regarding the admissibility of the expert witnesses' testimony at this time. The Court is mindful that it "must

take care against requiring undue detail" in the disclosures made under Rule 26(a)(2)(C). *See* FED. R. CIV. P. 26 subdivision (a)(2)(C) advisory committee's note to 2010 amendment. But to prevent prejudice of unfair surprise on opposing parties, the disclosures "must clearly identify the witness, state the subject matter of the expected testimony, and summarize actual opinions." *Anderson v. Proctor & Gamble,* No 19-cv-04531-JRS-DLP, 2021 WL 1061197, at *3 (S.D. Ind. Mar. 19, 2021) (citations omitted). *See also Tribble v. Evangelides,* 670 F. 3d 753, 759-60 (7th Cir. 2012) ("Without proper disclosures, a party may miss its opportunity to disqualify the expert, retain rebuttal experts, or hold depositions for an expert not required to provide a report."). Here, the expert disclosures do not provide a summary of facts and opinions to which the disclosed expert witnesses are expected to testify.

Defendants provided Winger the following disclosures for the expert witnesses:

1. Steven Newbold, D.M.D.

Steven Newbold, D.M.D., may be contacted through his counsel of record. Dr. Newbold may testify regarding opinions set forth in the Plaintiff's dental records, Dr. Newbold's responsive pleadings, discovery responses, deposition testimony, and any affidavits created by him in this matter. He may testify to liability, causation, and damages in this matter. Dr. Newbold is further expected to testify regarding a lack of merit to Plaintiff's allegations, lack of causation to Plaintiff's injuries, and a lack of Plaintiff's damages. Dr. Newbold's opinions are based upon his training and experience as a dentist, documents disclosed throughout discovery, and the Plaintiff's dental record. Dr. Newbold may also testify refuting the opinion of Plaintiff's experts.

2. Craig Asselmeier, D.M.D.

Craig Asselmeier, D.M.D., may be contacted through his counsel of record. Dr. Asselmeier may testify regarding opinions set forth in the Plaintiff's dental records, Dr. Asselmeier's responsive pleadings, discovery responses, deposition testimony, and any affidavits created by him in this matter. He may testify to liability, causation, and damages in this matter. Dr. Asselmeier is further expected to testify regarding a lack of merit to Plaintiff's allegations, lack of causation to Plaintiff's injuries, and a lack of Plaintiff's damages. Dr. Asselmeier's opinions are based upon his training and experience as a dentist, documents disclosed throughout discovery, and the Plaintiff's dental record. Dr. Asselmeier may also testify refuting the opinion of Plaintiff's experts.

3. Colleen Runge

Colleen Runge may be contacted through her counsel of record. She may testify regarding dental assistant and/or office assistant opinions set forth in the Plaintiff's dental records, her responsive pleadings, discovery responses, deposition testimony, and any affidavits created by her in this matter. Additionally, she may testify as to all relevant facts, topics, dental assistant and/or office assistant opinions, and dental assistant and/or office assistant customs and practices in this case. Her opinions are based upon her training and experience as a dental assistant and office assistant, documents disclosed throughout discovery, and the Plaintiff's dental records. Ms. Runge may also testify refuting the opinions of Plaintiff's experts within the scope of dental assistant and office assistant practice.

4. Steve Meeks, M.D.

Steve Meeks, M.D., may be contacted through his counsel of record. Dr. Meeks may testify regarding opinions set forth in the Plaintiff's medical and dental records, Dr. Meeks' responsive pleadings, discovery responses, deposition testimony, and any affidavits created by him in this matter. He may testify to liability, causation, and damages in this matter. Dr. Meeks is further expected to testify regarding a lack of merit to Plaintiff's allegations, lack of causation to Plaintiff's injuries, and a lack of Plaintiff's damages. Dr. Meeks' opinions are based upon his training and experience as a physician, documents disclosed throughout discovery, and the Plaintiff's medical and dental records. Dr. Meeks may also testify refuting the opinion of Plaintiff's experts.

5. Rob Jeffreys

Rob Jeffreys is expected to testify regarding his knowledge of the allegations contained in Plaintiff's Complaint as well as practices and procedures relevant to this matter. His opinions are based upon his training and experience as Director of the Illinois Department of Corrections and documents disclosed throughout discovery. Mr. Jeffreys can be contacted through his counsel of record.

6. Francis Catino, D.M.D.

Francis Catino, D.M.D., may be contacted through undersigned counsel. Dr. Catino may testify regarding opinions set forth in the Plaintiff's dental records, and any affidavits created by him in this matter. He may testify to liability, causation, and damages in this matter. Dr. Catino is further expected to testify regarding a lack of merit to Plaintiff's allegations, lack of causation to Plaintiff's injuries, and a lack of Plaintiff's damages. Dr. Catino's opinions are based upon his training and experience as a dentist, documents disclosed throughout discovery, and the Plaintiff's dental record. Dr. Catino may also testify refuting the opinion of Plaintiff's experts.

    7. Karanbir Sandhu, D.M.D. and/or Wexford's current Dental Director

Karanbir Sandhu, D.M.D. and/or Wexford's current Dental Director may be contacted through undersigned counsel. Dr. Sandhu and/or Wexford's current Dental Director may testify as a corporate representative of Wexford regarding Plaintiff's dental records. Additionally, Dr. Sandhu and/or Wexford's current Dental Director may testify as to all relevant facts, topics, opinions, customs, and practices in this case, including liability, causation, damages, and Wexford's policies and procedures. Dr. Sandhu and/or Wexford's current Dental Director is further expected to testify regarding a lack of merit to Plaintiff's allegations. Dr. Sandhu and/or Wexford's current Dental Director opinions are based upon his training and experience as a dentist, documents disclosed throughout discovery, and the policies, procedures, and practices of Wexford Health Sources, Inc. Dr. Sandhu and/or Wexford's current Dental Director may also testify refuting the opinions of Plaintiff's experts.

(Doc. 141-1). First, the Court notes that the summaries for Dr. Newbold, Dr. Asselmeier, Dr. Meeks, and Dr. Catino are identical, which raises a red flag that the disclosures do not meet the purpose of Rule 26(a)(2)(C) disclosures to clarify a witness's expected testimony. *See Rodriguez v. Amer. Multi-Cinema, Inc.,* No. 17-cv-455, 2020 WL 87868315, at *2 (N.D. Ind. Nov. 2, 2020) (citations omitted). Furthermore, each summary states generally that each witness will testify as to the record, related policies and procedures, and the lack of merit to Winger's claims. There is no summary of the facts or any opinions or conclusions reached by the experts. *See* FED. R. CIV. P. 26(a)(2)(C)(ii). Defendants must provide disclosures that contain actual opinions and the foundation for those opinions.

    Finally, because of the deficiencies of the disclosure, it is not clear if the experts were correctly disclosed pursuant to Rule 26(a)(2)(C), and that testimonies that will be provided by Dr. Newbold, Dr. Asselmeier, Runge, Dr. Meeks, Jeffreys, and Dr. Sandhu will be limited to "opinions that were formed during the course of their participation in the relevant events of the case. . . and not those that [they] developed later or in anticipation of litigation." *See e.g., Guarantee Tr. Life Ins. Co. v. Am. Med. & Life Ins. Co.*, 291 F.R.D. 234, 237 (N.D. Ill. 2013); *LeBlanc v. Mr. Bult's, Inc.*, No. 15 C 6019, 2019 WL 3776957, at *4 (N.D. Ill. Aug. 12, 2019) ("Forming an opinion

based on a review of documents. . . after the fact is the province of a retained expert witness under Rule 26(a)(2)(B)" and not a non-retained expert). For each witness, the summary disclosure states that their opinions were formed, in part, upon documents disclosed throughout discovery. For Dr. Newbold, Dr. Asselmeier, Dr. Meeks, and Dr. Sandhu the disclosure states that they may testify as to "liability, causation, and damages." These details indicate that their testimonies may not be confined to "information they obtained, and the opinions they formed, while performing the tasks they were hired to do." *Amer. Prop. Const. Co. v. Sprenger Lang Foundation,* 274 F.R.D. 1, 4 (D.C. 2011). *See also Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am.,* 849 F. 3d 355, 371 (7th Cir. 2017); *Blanton v. Roundpoint Mortgage Serv. Corp.,* 825 F. App'x 369, 373 (7th Cir. 2020) (noting that a treating physician expert witness not retained and who did not provide a report may not provide expert testimony as to cause of the plaintiff's injuries if such determination was not made during the course of providing treatment). If the expert witnesses intend to render opinions made not in the course of their duties or provision of treatment to Winger, then they will be required to submit an expert report in accordance with Rule 26(a)(2)(B). *See Meyers v. Nat'l R.R. Pass. Corp.,* 619 F. 3d 729, 734-35 (7th Cir. 2010). Because the summary disclosures are vague as to the intended testimony, the Court is unable to resolve at this time whether the witnesses were properly disclosed as non-retained experts and if a Daubert hearing is necessary.

The consequence of failure to properly disclose an expert witness is exclusion of the information or witness at trial or on a motion, "unless non-disclosure was justified or harmless." *Tribble,* 670 F. 3d at 760; FED. R. CIV. P. 37(c)(1). In deciding whether non-compliance with Rule 26(a) is harmless a court considers:

> (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at

an earlier date.

*Id.* (citing *David v. Caterpillar, Inc.,* 324 F. 3d 851, 857 (7th Cir. 2003).

Here, the Court finds that the non-compliance may be remedied by a more complete disclosure. Motions for summary judgment have not been filed, and a trial date has not been set. There is plenty of time for Defendants to cure any potential prejudice to Winger. Additionally, there is no evidence of bad faith or willfulness involved in providing deficient disclosures.

Accordingly, the Court finds that Defendant Newbold and Asselmeier's expert disclosures do not meet the requirements of Rule 26(a)(2)(C). Defendants shall have until **December 13, 2021**, to serve Winger new corrected disclosures, which include the subject matter on which the experts are expected to present evidence under Federal Rules of Evidence 702, 703, or 705 and a summary of the facts and opinions to which they are expected to testify. Winger's motion for a Daubert hearing and to exclude the testimony of the expert witnesses is denied without prejudice at this time to allow Defendants Newbold and Asselmeier the opportunity to correct their disclosures. (Doc. 145). The Court can address the question of barring certain testimony once proper disclosures are served.

## MOTION REQUESTING ADDITIONAL REQUESTS FOR PRODUCTION

In the Scheduling and Discovery Order, the Court stated that each party was limited to serving 15 interrogatories and 15 requests for production of documents. (Doc. 113). The parties were instructed that these limits may be increased for good cause shown. On July 26, 2021, Winger filed a motion seeking additional requests for production. (Doc. 151). He stated that he miscalculated the number of requests for production he was allotted and requested 5 additional document requests. The Court denied the motion finding that Winger had not shown good cause, as he failed to provide any information for the Court to conclude that additional discovery was necessary at this late stage in the case. (Doc. 153). He was instructed that he could refile the motion,

but upon refiling, he must provide the Court additional information, including the proposed requests for production and who he wishes to serve with the additional requests.

On October 27, 2021, Winger filed his second motion requesting additional requests for production now before the Court. (Doc. 156). In the requests for production, he seeks (1) the curriculum vitae for the disclosed expert witnesses; (2) a record of the cases in which each expert has testified; (3) a copy of the Wexford and IDOC policies that the expert witnesses will rely upon in rendering their opinions; (4) any deposition statements and affidavits created by the experts; and (5) a copy of all notes and record of communication that the expert witnesses have had with the parties in this case. (Doc. 156, p. 7-8). Winger argues that the additional discovery documents are needed based on the expert disclosures provided by Defendants Newbold and Asselmeier. Also, he again states he initially misunderstood the Scheduling and Discovery Order limiting the number of requests for production.

The motion is denied. As to document requests #1 and #2, only if the expert witnesses are retained pursuant to Rule 26(a)(2)(B), as discussed above, will Defendants be required to submit a more comprehensive report, which includes their qualifications and a list of all other cases in which the witness has testified as an expert. FED. R. CIV. P. 26(a)(2)(B). At this point in time, Defendants have disclosed only non-retained experts and provision of such information is not required.

As to request #3, the Court has directed Defendants Newbold and Asselmeier to amend and serve Winger with more comprehensive disclosures, which will include a summary of the facts and opinions to which each expert witness is expected to testify. The Court will not allow Winger additional document requests to obtain policies documents relied upon Defendants in rendering their expert opinions at this time.

For request #4, Winger will be provided any affidavit relied upon by Defendants in their

motion for summary judgment. If any deposition has been taken, Winger would have received notice. FED. R. CIV. P. 30 (b)(1).

As for request #5, the request is overly broad as to scope and time. Winger requests, "A copy of all notes and/or record of communication that the defense's expert witness have had with the parties in this case, including attorneys." (Doc. 156, p. 8). This request does not contain dates or subject of the communication sought.

Accordingly, the Court does not find good cause to allow these additional production requests, and the motion is denied.

## DISPOSITION

For the reasons stated above, the Motion for a Daubert Hearing to Exclude, Limit, or Challenge the Admissibility of the Defense's Expert Witnesses (Doc. 145) is **DENIED without prejudice.** Defendants are **DIRECTED** to serve Winger new corrected expert witness disclosures by **December 13, 2021**.

The Second Motion Requesting Additional Requests for Production (Doc. 156) is **DENIED without prejudice.**

**IT IS SO ORDERED.**

**DATED:   November 29, 2021**

                                                                       _s/Stephen P. McGlynn_
                                                                       **STEPHEN P. MCGLYNN**
                                                                       **United States District Judge**