IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARK WINGER,
#K97120,

        Plaintiff,

v.

ROB JEFFREYS, *et al.*,

        Defendants.

Case No. 19-cv-00236-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Mark Winger, an inmate in the Illinois Department of Corrections ("IDOC"), filed this case alleging deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. Winger claims that Defendants have been providing him with deficient dental care for a loose crown on tooth #2 that ultimately resulted in the loss of the crown and an ongoing refusal to repair the damaged tooth with a new crown.

This matter is before the Court on a motion to compel discovery (Doc. 131, 132) and a motion to compel compliance to subpoenas (Doc. 144) filed by pro se Plaintiff Mark Winger. The Court held a hearing on the motions on November 30, 2021, and heard arguments from all parties. For the following reasons and the reasons stated on the record, the motion to compel discovery is granted in part, and the motion to compel compliance to subpoenas is denied as moot.

### MOTION TO COMPEL DISCOVERY

Winger claims that he sent requests for production of documents to Defendants on September 29, 2020, November 9, 2020, and March 14, 2021, but Defendants have failed to fully comply with his requests. (Doc. 132). Specifically, Defendants objected to production of eight

Page 1 of 11

document requests. The Court will address each document production request in turn.

***Document Request #1 Property Office Records***

Winger requested, "A copy of the notebook(s) used by the Menard property officer to 'hand write' the names of inmates who actually attend their requested/scheduled legal box review, the date of each actual visit, and the box numbers issued, and the time of each visit. These notebooks (or logbooks) are typically maintained at the property office. The time period requested is from January 1, 2017 through June 30, 2018." (Doc. 132-1, p. 9).

Based on the record, Winger also sent a subpoena to the litigation coordinator at Menard Correctional Center ("Menard") requesting these records, and he was provided these records in response. (Doc. 144, p. 7, 12-17). Winger confirmed at the hearing that he has received the documents. Thus, Winger's request to compel production of property office records is denied as moot.

***#2 Work attendance records for Defendants Newbold, Asselmeier, and Runge from January 1, 2017 through June 30, 2018***

Winger requested, "A copy of the work attendance records for defendants Newbold, Asselmeier, and Runge for the period from January 1, 2017. through June 30, 2018, at Menard indicating which days each defendant was present, absent, and the hours of each day of work, including time in and time out for any workday in which only a partial day was worked irrespective of the number of hours present or absent for said partial day. All other documents that are used by IDOC or Wexford Health Services, Inc. to monitor work attendance, calculate monthly pay, or used for quality control and/or quality assurance measures." (Doc. 132-1, p. 9).

Defendants Newbold and Dr. Asselmeier's main objection to this request is that they do not have control of any of their work attendance records. (Doc. 132-1, p. 33, 43).

As stated during the hearing, the Court finds that the work attendance records of Dr.

Asselmeier and Dr. Newbold are relevant to Winger's claims. While Dr. Asselmeier and Dr. Newbold might not currently have possession of their work attendance records, it is not clear to the Court why these cannot be easily be accessed upon request of their employer, Wexford Health Sources, Inc., especially in light of the fact that Dr. Asselmeier is still employed by Wexford Health Sources, Inc. *See Zandi v. K&S Engineers, Inc.,* No. 15-cv-271-TLS-JPK, 2020 WL 2214568, at *3 (N.D. Ind. May 7, 2020) (noting "it is well-settled that a party need not have actual possession of the documents to be deemed in control of them; rather, the test is whether the party has a legal right to obtain them." (quoting *Dexia Credit Local v. Rogan,* 231 F.R.D. 538, 542 (N.D. Ill. 2004))). Therefore, Winger's request to compel the production of work attendance records for Dr. Asselmeier and Dr. Newbold is granted. Dr. Newbold and Dr. Asselmeier shall produce their work attendance records showing hours worked, days present, and days absent for October 1, 2017 through September 1, 2019.

The request to compel production of the work attendance records of Defendant Runge is denied as moot. Following the hearing, Winger filed a supplement to the motion to compel compliance to subpoenas informing the Court that he received Runge's work attendance records. (Doc. 175).

*#4 Grievances filed by other inmates against Defendants Newbold and Asselmeier*

Winger requested, "All inmate grievances filed at Menard that allege delay in dental care and/or maltreatment by either (or both) defendants Newbold and Asselmeier." (Doc. 132-1, p. 10).

Defendants Newbold and Asselmeier object to this request on the grounds that the grievances would disclose the private health information of individuals not parties to this lawsuit. They also argue that they do not have control of any grievance records besides the documents that were previously produced during initial disclosures. (Doc. 132-1, p. 34, 44).

Defendants Runge, Jeffreys, and Meeks object arguing that the request is overly broad,

unduly burdensome, not proportional to the needs of the case, and irrelevant. The request is overbroad by referring to "all inmate grievances filed at Menard that allege a delay in dental care and/or allege misconduct or maltreatment by either (or both) Defendants Newbold and Asselmeier." Additionally, producing such documents would be unduly burdensome. Inmate grievances are filed by the inmate's name and kept in an inmate's master file, which moves with the inmate from facility to facility. Second level grievances filed with the grievance officer are kept in the grievance office at the facility and are organized by the date they are received. Grievances are not electronically stored or searchable based on topic. In order to provide the requested grievances, Defendants would be required to manually review every grievance filed by every offender who was present at the facility during the period Defendants Newbold or Asselmeier worked at Menard. Finally, Defendants argue that the complaints by other individuals are beyond the scope and not proportional to Winger's claims regarding violation of his constitutional rights. (Doc. 132-1, p. 54-55) (citing *Verser v. Ruiz,* No. 07-3293, 2009 WL 3381009, at *3 (C.D. Ill. Oct. 14, 2009)).

At the hearing, Defendants reiterated that the grievances are not filed by topic but kept in each individual inmate's file, making it burdensome to produce grievances related to only dental care. Winger testified that in response to his grievances regarding his lack of dental care, he would receive typed memos from Dr. Newbold and Dr. Asselmeier. He stated that based on interrogatory responses from Runge, from November 1, 2017 through August 28, 2019, the dentists at Menard would respond to inmate grievances related to dental issues. Because these response memos are typed (see Doc. 98-1, p. 11, Exhibit 1), Winger believes there would be a way to easily do an electronic search for relevant grievances.

Defense Counsel responded that the typed memos responding to grievance complaints are prepared by the dentists at the request of the correctional counselors. None of the parties could

speak to how the typed memos are stored and whether they are retained by IDOC or Wexford Health Sources, Inc.

The Court finds that the grievances filed by other inmates regarding dental issues are very likely to contain discoverable information relevant to Winger's claims. Although grievances would not be admissible at trial to show Defendants' propensity to act a certain way, they are admissible for other purposes, such as demonstrating intent, knowledge, or establishing a practice or policy maintained by Defendants. *See Whitmore v. Walker,* 2008 WL 1758535, at *1 (S.D. Ill. Apr. 17, 2008) (denying a motion to compel complaints regarding the mistreatment of other inmates finding that the plaintiff sought the documents to only "bolster his claim that defendants "mistreated" him also"). Furthermore, privacy concerns can be alleviated by Defendants filing a motion for a protective order and redacting identifying information.

That being said, at this point it is not clear if the collection and review of the grievances would be so burdensome as to substantially outweigh the benefits. In order to aid the Court in reaching this determination, Defendants are directed to provide the Court with further information regarding the memoranda prepared by the dental department at Menard in response to requests from correctional counselors and grievance officers from November 1, 2015, about two years before his first appointment with Dr. Newbold for his loose crown, through September 1, 2020, a year following his transfer from Menard. Defendants shall inform the Court on how these documents are prepared, what entity retains the documents, whether they are saved in a searchable format, and an estimate on the number of memoranda prepared during the specified time period.

*#12 Contract between IDOC and Wexford Health Sources, Inc*

Winger requested "[t]he healthcare and dentalcare contract between IDOC and Wexford Health Sources, Inc., including all amendments." (Doc. 132-1, p. 11).

At the hearing, Defense Counsel for Jeffreys and Meeks stated that he was prepared to

produce the contract with certain proprietary information redacted. The Court agreed that the proprietary and clearly irrelevant information could be redacted without hindering Winger's ability to use the contract to support his claims. Defendants were directed to produce the contract by December 14, 2021. The motion to compel the contract is denied as moot.

*#13 Audit records of the dental care program*

Winger requested, "Copies of all audits conducted either internally or by an outside agency of the dental care program within IDOC generally, and at Menard specifically between August 1, 2013 and August 30, 2019." (Doc. 132-1, p. 11).

Defendants Newbold and Asselmeier object to this request on the grounds that they do not have control of any audits conducted either internally or by an outside agency of the dental care program within the IDOC or at Menard, if such documents exist. (Doc. 132-1, p. 38).

Defendants Runge, Jeffreys, and Meeks object on the basis that Plaintiff's request is irrelevant, immaterial, not likely to lead to discovery able information, otherwise not subject to discovery, and not proportional to the needs of the case. Specifically, Winger is requesting audits back to August 2013, which is significantly beyond the claims in this case. Additionally, any audits are beyond the scope of Winger's claims in this case. (Doc. 132-1, p. 58). At the hearing, Defense Counsel stated he was not aware of any audits and asked for clarification on the types of audits requested.

The Court agrees that Defendants Newbold and Asselmeier do not have control of or the legal right to obtain any audits performed of the dental department. This request is denied as to them.

As to Defendants Jeffreys and Meeks, as stated on the record, Defendants have until December 14, 2021 to inform the Court what type of audits and quality reviews have been performed at Menard with respect to dental care provided to inmates from November 1, 2015,

about two years before his first appointment with Dr. Newbold for his loose crown, through September 1, 2020, a year following his transfer from Menard. The Court finds that such information is relevant to Winger's claims. If Defendants believe that any information is confidential, they may file the appropriate motion prior to production.

### *#14 Performance reviews and disciplinary actions*

Winger requested, "All employment performance reviews, including any disciplinary actions or reprimands of defendants Newbold, Asselmeier, and Runge." (Doc. 132-1, p. 11).

Again, Defendants Newbold and Asselmeier object to this request on the grounds that they do not have control of any employment performance reviews for themselves. (Doc. 132-1, p. 39, 49). Defendant Runge objects on the grounds that the employment files of state employees are presumptively confidential.

As stated on the record, the Court will not compel Defendants to produce disciplinary actions or reprimands of Defendants. Neither will the Court compel production of performance reviews for Runge. As with her work attendance records, the Court does not find that past performance reviews are relevant to whether she acted with deliberate indifference when failing to schedule Winger for a follow-up appointment with Dr. Newbold in the winter of 2017.

Winger's motion to compel is granted to the extent he seeks performance reviews of Dr. Newbold and Dr. Asselmeier. As he is trying to demonstrate that these two defendants acted pursuant to an unconstitutional policy, performance reviews are relevant. Defendants have not made the argument that they are unable to obtain their own performance reviews, and therefore, the Court is not persuaded by the generally contention that the documents are not in their control. Defendants Newbold and Asselmeier are directed to produce performance reviews from November 1, 2015, about two years before Winger's first appointment with Dr. Newbold for his loose crown, through September 1, 2020, a year following his transfer from Menard.

*#15 Authorization forms from Defendants*

Winger requested, "Individual release forms, signed and dated and notarized authorizing IDOC to release to the Plaintiff" the documents requested in production requests #2, #4, and #14. (Doc. 132-1, p. 16).

The motion to compel authorizations forms are denied. The Court directed Defendants to produce the documents that are relevant for the purposes of discovery and authorization forms signed by Defendants are not necessary.

*#16 Dental Delineations*

Winger requested that Defendants Meeks or Jeffreys produce the privilege delineation forms for Dr. Newbold and Dr. Asselmeier from the time period from November 1, 2017 through September 1, 2019. (Doc. 132, p. 6; Doc. 132-1, p. 156).

At the hearing, Defense Counsel for Meeks and Jeffreys stated that he had produced one privileged delineation sheet for Dr. Asselmeier, but that no further delineation forms could be found by the Menard staff. Defense Counsel for Newbold and Asselmeier stated that she has one privilege delineation form for Dr. Newbold and two for Dr. Asselmeier. If the delineations are for the time frame requested, then Defendants Newbold and Dr. Asselmeier are directed to produce them to Winger. To the extent that a protective order is needed, Defendants are advised to file the appropriate motion and submit a proposed protective order to the Court.

*Interrogatories*

Finally, Winger argues that the objections to his interrogatories provided by Defendants Newbold and Asselmeier were not formatted in accordance with this District's Local Rule 33.1 requiring objections to be served in a separate document. Rather, Defendants included their objections along with their responses to Winger's discovery requests. Because Defendants did not serve the objections in a separate document, the objections are untimely and therefore waived.

The Court does not find this argument well taken. Although not served in a separate document, Defendants Asselmeier and Newbold timely served their objections to the interrogatories. The objections are not deemed waived.

### MOTION TO COMPEL COMPLIANCE TO SUBPOENAS

On May 20, 2021, Winger served four subpoenas to the litigation coordinator at Menard seeking (1) the property office records for March 2018; (2) work attendance records for Defendant Runge; (3) work attendance records, performance reviews, and inmate grievances concerning Dr. Asselmeier; and (4) work attendance records, performance reviews, and inmate grievances concerning Dr. Newbold. He claims that he received the property office records but did not receive a response to the three other subpoenas. (Doc. 144).

The Court denies the motion as moot. Since filing the motion, Winger has received the work attendance records for Runge and was informed by the litigation coordinator that Menard does not have the work attendance records or performance reviews for Dr. Newbold and Dr. Asselmeier. Finally, as discussed above, Defendants as directed to provide the Court with more information regarding relevant inmate grievances. Accordingly, the Court will not compel Menard to produce any of the requested documents.

### DISPOSITION

For the reasons stated above, the motion to compel discovery (Doc. 131) is **GRANTED in part.**

Defendants Newbold and Asselmeier are **DIRECTED** to produce their work attendance records showing hours worked, days present, and days absent for October 1, 2017 through September 1, 2019 (Document Request #2).

Defendants are further **DIRECTED** to provide the Court with further information by **December 14, 2021,** regarding the memoranda prepared by the dental department at Menard in

response to inmate grievances at the request of correctional counselors and grievance officers **from November 1, 2015, about two years before Winger's first appointment with Dr. Newbold for his loose crown, through September 1, 2020, a year following his transfer from Menard** (Document Request #4). Defendants shall inform the Court on how these documents are prepared, what entity retains the documents, whether the documents are saved in a searchable format, and an estimate number on how many memoranda were prepared during the specified time period.

Defendants Jeffreys and Meeks are **DIRECTED** to produce the healthcare and dentalcare contract between IDOC and Wexford Health Sources, Inc. by **December 14, 2021** (Document Request #12).

Defendants Jeffreys and Meeks are further **DIRECTED** to inform the Court by **December 14, 2021,** what type of audits and quality reviews have been conducted of the Menard dental department and of the dental care provided to inmates **from November 1, 2015, about two years before Winger's first appointment with Dr. Newbold for his loose crown, through September 1, 2020, a year following his transfer from Menard** (Document Request #13).

Defendants Newbold and Asselmeier are **DIRECTED** to produce performance reviews **from November 1, 2015, about two years before Winger's first appointment with Dr. Newbold for his loose crown, through September 1, 2020, a year following his transfer from Menard** (Document Request #14).

To the extent dental delineations for Dr. Asselmeier and Dr. Newbold exist for the relevant time period, Defendants Newbold and Asselmeier are **DIRECTED t**o produce such documents to Winger (Document Request #16).

The Court **VACATES** the current discovery and dispositive motion deadlines. Discovery shall be completed by **February 7, 2022.** Dispositive motions are due **March 9, 2022**. Defendants **SHALL** submit a joint proposed scheduling order to the Court by **December 21, 2021,** detailing

the anticipated deadlines for producing the discovery discussed above, keeping in mind the deadline of February 7, 2022. Defendants are reminded that if they require a protective order for any of the requested discovery, they must file a motion and submit a proposed order. They also may request that the Court review in camera any document prior to production.

The motion to compel compliance to subpoenas (Doc. 144) is **DENIED as moot**.

**IT IS SO ORDERED.**

**DATED:**   December 7, 2021

 s/Stephen P. McGlynn
**STEPHEN P. MCGLYNN**
**United States District Judge**
