IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARK WINGER,** **#K97120,** | |
| Plaintiff, | Case No. 19-cv-00236-SPM |
| v. | |
| **ROB JEFFREYS,** *et al.***,** | |
| Defendants. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on outstanding discovery issues and a motion to amend the complaint filed by Plaintiff Mark Winger.

### MOTION FOR LEAVE TO AMEND

On February 14, 2022, Winger filed a motion notifying the Court of his intention to seek leave to file an amended complaint. (Doc. 188). Because Western Illinois Correctional Center ("Western") was on quarantine lockdown, he could not access his legal materials at that time. On March 11, 2022, Winger filed a motion for leave to file a fourth amended complaint. (Doc. 197). He states that in the medical records produced in discovery, Dr. Catino, his current treating dentist who is not a party to this case, records that he spoke to "Kelly" in the "law office" and was informed that the "dental clinic does not pre-form the crown procedure." (Doc. 179, p. 6). Winger learned through filing grievances seeking to identify Kelly that she was from an unnamed private firm. He states that it is evident that Kelly is a lawyer who represents Wexford Health Sources, Inc. ("Wexford"), and as she engaged in discussions about the policy with Dr. Catino, this policy most likely will have also informed the treatment determinations of Defendants Dr. Newbold and

Dr. Asselmeier. Therefore, Winger would like to amend the complaint to add Wexford as a defendant. Defendants Newbold and Asselmeier filed a response in opposition, and Defendants Runge, Jeffreys, and Meeks filed a motion to join co-defendants' response. (Doc. 200, 201). The motion to join is granted. (Doc. 201).

"Generally, a motion for leave to amend a complaint is evaluated under Federal Rule of Civil Procedure 15(a)(2). The rule provides that courts 'should freely give leave when justice so requires.'" *Alioto v. Town of Lisbon,* 651 F. 3d 715, 719 (7th Cir. 2011) (quoting FED. R. CIV. P. 15(a)(2)). However, Winger's new motion for leave to amend was filed after the deadline set by the Court, and so, the deadline must be modified. Rule 16(b)(4) requires courts to first apply a heightened standard of "good cause" before modifying the scheduling order. *See Alioto,* 651 F.3d at 719 ("The two-step process is consistent with nearly every one of our sister circuits[.]") (citations omitted). The good cause standard of Rule 16(b) "primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citation omitted) (upholding a denial of a motion for leave to amend nine months after the deadline to amend had passed).

Here, even treating February 14, 2022, the date that Winger filed his notice of intent, as the day he sought leave to amend the complaint, he still has filed his motion over two years past the deadline to amend set by the Court. (Doc. 188). Pursuant to the Initial Scheduling and Discovery Order, Winger had until December 31, 2019, to move to amend the complaint to include any additional claims or parties. (Doc. 63). Winger was advised that failure to comply with this requirement would likely bar further amendment of the complaint, except for good cause shown. (*Id.*). He has known that Dr. Newbold was an employee of Wexford and that Wexford was the company contracted to provide dental services to those incarcerated within IDOC since filing this case on February 25, 2019. (Doc. 1, p. 6; Doc. 11-1, p. 3). He also has known since October 17,

2019, based on Dr. Catino's testimony from the preliminary injunction hearing, that there is a policy that crowns are not authorized for inmates. (Doc. 74, p. 3; Doc. 85, p. 8). Winger testified during the hearing that when Dr. Newbold told him that "they" do not replace crowns, he "interpreted that as meaning Wexford." (Doc. 85, p. 14). He also testified that Dr. Newbold did not treat him in "accordance with the administrative directives of IDOC and *Wexford*." (Doc. 85, p. 37) (emphasis added). The proposed third amended complaint submitted to the Court on December 17, 2019, identifies Dr. Asselmeier as an employee of Wexford, but does not name Wexford as a party. (Doc. 91; Doc. 98).

Notably, in his supplemental response to Winger's Interrogatory #7 mailed on January 22, 2021, Dr. Newbold stated that he "used *Wexford* and IDOC dental policies and procedures as guidance in his treatment…" (Doc. 132-1, p. 140, 144) (emphasis added). In an exhibit attached to a motion to compel filed on May 13, 2021, Winger states that by sending Interrogatory #7 he was trying to determine if Dr. Newbold decisions "were in any way guided by or even required by either the policies of IDOC and/or Wexford Health Sources, Inc." (Doc. 132-1, p. 126).

The Court does not find good cause to modify the deadline so that Winger can amend the complaint by adding Wexford as a defendant. Based on the record, the Court does not find the argument that Winger was not aware Defendants Dr. Newbold or Dr. Asselmeier were acting pursuant to a Wexford policy until he received the grievance response back informing him that Dr. Catino was conferring with a private attorney well taken. While Winger may not have had all the facts underlying the proposed amended complaint prior to the deadline of December 31, 2019, he knew by January 2021 that his treating dentists, Dr. Newbold and Dr. Asselmeier, were employed by Wexford and that they were acting pursuant to both IDOC and Wexford policies when treating inmates. Once Winger had this information, he did not act with diligence and promptly file a motion with the Court asking for an extension of the amendment deadline due to this new

Page 3 of 9

information. Rather, he waited a year to notify the Court that he intended to amend the complaint to add Wexford as a defendant. Thus, Winger acted with insufficient diligence in waiting to amend. *Downing v. Abbott Lab.,* 2017 WL 4535973, at *4 (N.D. Ill. Oct. 11, 2017) ("a plaintiff who waits months after receiving the information before seeking leave to amend lacks diligence to establish good cause"). The motions to amend are denied. (Doc. 188, 197).

### DISCOVERY

#### I. DEPOSITIONS BY WRITTEN QUESTIONS

Winger has filed a document titled "Stipulation Regarding Discovery Procedure Pursuant to Fed. R. Civ. P. Rule 29." (Doc. 185). He states that he intends to take depositions of Defendants by written questions and stipulates that the Menard Correctional Center ("Menard") litigation officer, any counselor II at Menard, any staff attorney at Menard, or any staff attorney of the Illinois Department of Corrections ("IDOC") would be acceptable to serve as the "officer to take responses and prepare record" of the deposition. (*Id.* at p. 2-3).

Defendants object and do not consent to the persons listed as agreed upon as officers under Rule 31. (Doc. 186). They argue that (1) none of the parties listed have been appointed by the Court to complete the duties that are required; (2) taking any deposition through written questions does not remove Winger's duty to pay for the associated costs; and (3) allowing Winger's designated officers to conduct the depositions would create an obvious conflict of interest since the designated officers listed are employees of IDOC and Defendant Directory Jeffrey's is their supervisor.

Winger filed a response clarifying that he sought to depose only Defendants "Newbold or/and Asselmeier," who are not employees of IDOC. He further states that it is his understanding that the officer acts simply to proctor the issuance of the written deposition and the collection of Defendants' written responses to the written questions, then the officer transmits these answers to

the Court. Winger also requests a fee schedule, as he was not aware of the costs associated with a deposition by questions. (Doc. 190).

Because Winger is incarcerated, he must obtain leave of the Court to depose a person by written questions. FED. R. CIV. P. 31(a)(2)(B). Written depositions "proceed in a similar manner as an oral deposition, aside from the questions being written in advanced and read aloud by the officer." *Riser v. Washington State Univ.,* No. 18-CV-00119-TOR, 2019 WL 5258049, at *1 (E.D. Wash. June 19, 2019). *See also* FED. R. CIV. P. 31(b) ("[t]he officer must promptly proceed in the manner provided in Rule 30(c), (e), and (f)"); *Stanek v. St. Charles Comm. Unit Sch. Dist. #303,* No. 13 C 3106, 2020 WL 1304828, at *5 (N.D. Ill. Mar. 19, 2020). "Written responses to depositions upon written questions are not permissible." *Brooks v. Wilson*, No. 07-CV-0278 PS, 2008 WL 428005, at *1 (N.D. Ind. Feb. 13, 2008). "[T]he answers must be given extemporaneously and recorded, as in other depositions, either by a stenographer or by audio or video recorder." *Stanek,* at *2 (quoting Depositions Upon Written Questions, 3 BUS. & COM. LITIG. FED. CTS. § 24:4 (4th ed.)). *See also* FED. R. CIV. P. 31(b), 30(c).

The Court does not grant leave for Winger to depose Defendants by written questions. The process that Winger describes that he would like to engage in, "issuance of the written deposition and the collection of the defendants' written responses to the written questions," is essentially interrogatories. Winger has not shown good cause for why additional interrogatories are needed or why written discovery has been insufficient to obtain the information he seeks from Defendants. (Doc. 113, p. 1).

Additionally, Winger has not demonstrated that he is able to arrange and pay for the expenses that are associated with taking a written deposition. Such costs may include deposition

officer fees,[1] recording costs, witness fees, and the cost of the deposition transcript. Although Winger is proceeding *in forma pauperis,* the Court does not have the authority fund the discovery Winger may wish to conduct. *See McNeil v. Lowery,* 831 F.2d 1368, 1372 (7th Cir. 1987) ("A litigant's constitutional right of access to the courts does not include a waiver of witness fees so that an indigent plaintiff can present his case fully to the court."). *See also Whaley v. Erickson,* No. 05-C-898, 2006 WL 3692633 at *3 (E.D. Wisc. Dec. 11, 2006) ("Arranging for an officer to meet with the defendants and conduct numerous depositions would involve considerable expense and time."); *Clark v. Schaller,* No. 06-C-242, 2006 WL 2882963, at *1 (E.D. Wisc. Oct. 10, 2006) (ruling that plaintiff's IFP status "does not entitle him to the government's assistance when he seeks to take depositions"). Accordingly, to the extent Winger is seeking leave to conduct depositions through written questions, the request is denied.

Winger asks the Court for a deposition fee schedule. The witness fee for each non-party witness is $40.00 per day, plus mileage. *See* 28 U.S.C. § 1821(b). The rates and fees of private court reporters are not set by the Court.

***II. Motion to Modify the Court's Order at Doc. 183***

On January 20, 2022, the Court granted Winger additional interrogatories so that he could identify the identity of an individual named Kelly who is referenced in his medical records as a person in a law office whom Dr. Catino contacted regarding policy. (Doc. 183). In the meantime, as stated above, Winger learned through the grievance process that Kelly was not employed by IDOC but a private firm. Winger submitted interrogatories to Defendants Director Jeffreys and Dr. Meeks asking them to contact Dr. Catino to obtain Kelly's last name and contact information. He received a response from Director Jeffreys stating he does not know any information pertaining to

---

[1] The deposition officer is usually a stenographer or court reporter. *See Saddler v. Hewitt,* No. 19-cv-81-jdp, 2020 WL 1689682, at *3 (W.D. Wisc. Apr. 7, 2020).

the interrogatory, and Dr. Meeks did not provide a response.[2] Winger also sent interrogatories to Defendants Dr. Newbold and Dr. Asselmeier, who objected to the interrogatory.

Winger has now filed a motion asking the Court to modify the Order at Doc. 183 to permit him to request identifying information regarding Kelly. (Doc. 202). The motion is denied. The Court will not modify its previous Order, as it already permits Winger to request identifying information of Kelly from Defendants through interrogatories. To the extent Winger is seeking the Court to compel the discovery, the request is denied. First, Winger has not submitted a copy of the discovery request and responses from all Defendants along with his motion as required in the Scheduling Order. (*See* Doc. 113, p. 2). Second, other than sending a single letter to Defense Counsel for Dr. Newbold and Asselmeier, Winger has not shown a good faith effort to resolve the dispute with Defendants prior to filing his motion. *See* FED. R. CIV. P. 37(a)(1); Doc. 113, p. 2; *Shoppell v. Schrader*, No. 08-cv-284, 2009 WL 2515817 at 1 (N.D. Ind. Aug. 13, 2009) (finding that the defendant's single letter and brief telephone conversation with someone at the law office of plaintiff's counsel was insufficient) (citations omitted).

Lastly, the Court does not find that knowing the identity of Kelly will produce additionally information relevant to Winger's claims that cannot be obtained through Defendants. Dr. Newbold and Dr. Asselmeier should be able to answer any interrogatories regarding what policies they followed when treating Winger, including existing policies on crown replacements. As the director of IDOC and the medical director, Jeffreys and Dr. Meeks should be able to answer interrogatories regarding past and current IDOC polices for dental treatment.

### III. Motions to Amend the Scheduling Order

Currently, discovery should have been completed by May 9, 2022, and dispositive motions

---

[2] Dr. Meeks responded stating that he did not respond as an oversight and has since responded to the interrogatory that he does not know any identifying information regarding a Kelly in a law office. (Doc. 203, p. 1).

were due June 8, 2022. (Doc. 182). Defendants request additional time to finalize discovery and file dispositive motions. (Doc. 205, 206). Winger did not file a response in opposition, but he has filed notices with the Court claiming that Defendants have not complied with the Court's discovery orders. The motions to modify the deadlines is granted. Because of the motion to amend the complaint and conduct depositions have remained pending, and there appear to be outstanding discovery issues, the Court finds good cause to extend the deadlines. Discovery shall be completed by October 27, 2022, and dispositive motions are due November 28, 2022.

The Court will schedule a status conference to discuss any outstanding discovery issues, including Winger's claims of non-compliance. (Doc. 192, 199).

### WRITING SUPPLIES

On February 14, 2022, Winger filed a motion for a temporary restraining order claiming that the commissary at Western was not being supplied with essential items for litigating this case, including ink pens, paper, large manila envelopes, and typewriter ribbons. (Doc. 187). The Court denied the motion because Winger's request for relief was outside the scope of this lawsuit. (Doc. 189). However, to ensure Winger's ability to litigate this case was not being frustrated due to conduct of IDOC staff, Defense Counsel for Defendant Jeffreys was directed to file a notice with the Court regarding the situation on or before March 1, 2022.

Defense Counsel filed a notice that typewriter ribbons have not been generally available but that writing material has been available to Winger, with the exception of ink pens for a few weeks in January. (Doc. 193). Defense Counsel also provided a copy of Winger's sales history report showing that he has been able to and did purchase typing paper, numerous legal pads, envelopes, and ink pens.

Winger filed a response stating that the sales history report is correct but factually misleading because it shows eight opportunities to shop over a five month period. (Doc. 196).

Additionally, the number of items he was allowed to purchase is significantly less than what he intended to purchase.

Based on the record, Winger has not been impeded from litigating this case due to limited writing materials. Other than stating that he was prohibited from purchasing the full amount of supplies he wanted, Winger has not cited to specific instances where he was unable to serve or respond to discovery or otherwise file documents in this case. In fact, Winger still files more than the average litigant. Since filing the motion for a temporary restraining order, he has filed over one hundred pages with the Court, including a proposed amended complaint, motions, notices, and exhibits. Thus, no further Court action is required.

### DISPOSITION

For the reasons stated above, the motions for leave to amend the complaint filed by Plaintiff Winger are **DENIED.** (Doc. 188, 197). The motion to amend the Order at Doc. 183 filed by Plaintiff Winger is **DENIED.** (Doc. 202).

The motion to join co-defendants' response filed by Defendants Runge, Jeffreys, and Meeks is **GRANTED.** (Doc. 201).

The motions to amend the scheduling order are **GRANTED.** (Doc. 205, 206). All discovery shall be completed by **October 27, 2022,** and dispositive motions are due **November 28, 2022.**

**IT IS SO ORDERED.**

DATED:   September 26, 2022

                                                   *s/Stephen P. McGlynn*
                                                   **STEPHEN P. MCGLYNN**
                                                   **United States District Judge**